Received at: 3:01PM, 5/24/2005

**FILED**

JUN - 1 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
　　　　　DEPUTY CLERK

1  BINGHAM, McCUTCHEN LLP
   KAREN KENNARD – 141925
2  KRISTEN A. PALUMBO - 215857
   Three Embarcadero Center
3  San Francisco, California 94111-4067
   Telephone: (415) 393-2000
4

5  PRISON LAW OFFICE
   DONALD SPECTER – 83925
6  General Delivery
   San Quentin, California 94964
7  Telephone: (415) 457-9144

8  ROSEN, BIEN & ASARO, LLP
   MICHAEL W. BIEN – 096891
9  ERNEST GALVAN – 196065
   JANET TUNG – 231682
10 155 Montgomery Street, 8th Floor
   San Francisco, California 94104
11 Telephone (415) 433-6830

12 Attorneys for Plaintiffs

13

14　　　　　UNITED STATES DISTRICT COURT

15　　　　　EASTERN DISTRICT OF CALIFORNIA

16

17 JERRY VALDIVIA, et al.,　　　　　No. Civ. S-94-0671 LKK/GGH

18 　　　　Plaintiffs,　　　　[PROPOSED] STIPULATED ORDER
　　　　　　　　　　　　　REGARDING POLICIES AND
19 v.　　　　　　　　　　PROCEDURES FOR DESIGNATING
　　　　　　　　　　　　　INFORMATION AS CONFIDENTIAL
20 ARNOLD SCHWARZENEGGER, et al.,　IN PAROLE REVOCATION
　　　　　　　　　　　　　PROCEEDINGS
21 　　　　Defendants.

22

23

24

25

26

27

28

Received at: 3:01PM, 5/24/2005

1.   On January 13, 2005, Plaintiffs filed a Notice of Motion and Motion on Shortened Time for Order Enforcing the Terms of the Permanent Injunction and Memorandum of Points and Authorities, challenging Defendants' failure to develop and implement policies and procedures for the designation of information as confidential that are consistent with due process as required by the Stipulated Order for Permanent Injunctive Relief, entered by this Court on March 9, 2004.

2.   On January 24, 2005, Defendants filed the Defendants' Opposition to Plaintiffs' Motion to Enforce Terms of Permanent Injunction and a motion for protective order, and on March 7, 2005, the Defendants' Supplemental and Superseding Opposition to Plaintiff's Motion to Enforce Terms of Permanent Injunction, and amended motion for protective order.

3.   On March 14, 2005, Plaintiffs filed their Reply in Support of Plaintiffs' Motion for Order Enforcing the Terms of the Permanent Injunction and Plaintiffs' Opposition to Defendants' Amended Motion for Protective Order.

4.   On March 14, 2005, after a telephonic conference with the parties, the Court took the matter off-calendar pending a settlement conference before Magistrate Judge Moulds.

5.   On April 14, 2005, the parties appeared before Magistrate Judge Moulds for a settlement conference.

6.   The parties hereby stipulate and request that Court shall ADJUDGE, DECLARE, AND DECREE as follows:

### A. Witness Contact Information

7.   Defendants shall not withhold from the parolee's attorney the telephone number or address of any witness unless the witness declares himself or herself to be fearful. For any witness who declare himself or herself to be fearful, defendants shall provide the parolee's attorney with a telephone number but not an address at which the witness can be contacted by the parolee's attorney. If the witness does not provide

Received at: 3:01PM, 5/24/2005

1  Defendants with any contact information, Defendants are not obligated under this paragraph
2  to procure contact information for transmittal to the parolee's attorney.

3        8.    If a witness declares himself or herself to be fearful, the parolee's attorney
4  shall not disclose the witness's telephone number, or cause the number to be disclosed, to
5  the parolee. The attorney shall not disclose the fearful witness's telephone number to any
6  individual except those persons involved in the parole revocation process who are to be
7  described in the protective order. The parolee's attorney shall be bound by a protective
8  order binding him or her to the terms of this paragraph.

9        9.    If a witness declares himself or herself to be fearful, the parolee's attorney
10 shall not attempt to use the telephone number to discover the witness's home address, place
11 of residence, or other physical location information. The attorney shall not engage in any
12 efforts to make unconsented in-person contact with the fearful witness. The parolee's
13 attorney shall be bound by a protective order binding him or her to the terms of this
14 paragraph.

15      10.    Paragraphs 7 to 9 above pertain to fearful witnesses only.

16

17 **B. Parole Outpatient Clinic (POC) Information Designated Confidential Under**
18 **California Health and Safety Code § 123115**

19      11.    The parties did not reach an agreement on their dispute over Parole Outpatient
20 Clinic (POC) information that is designated confidential under California Health and Safety
21 Code § 123115.

22      12.    This issue will be submitted for decision by this Court. The parties waive oral
23 argument unless it is requested by the Court.

24

25 **C. Information Designated Confidential By Another Agency**

26      13.    When incriminating or exculpatory information relevant to parole violation
27 charges is contained in a document designated confidential by another government agency,
28 Defendants will require a parole agent to review and redact only such information that

Received at: 3:01PM, 5/24/2005

1  would create a risk of harm to any person and then provide the redacted document
2  containing exculpatory or incriminating information to the parolee's attorney.

3      14.   Defendants are not required by this Order to provide the parolee or the
4  parolee's attorney with information designated as confidential by another agency if that
5  information concerns that parolee's activities as a confidential informant and is relevant
6  only to mitigation.

7

8  **D. "Purge" of Medical Information from the Field File**

9      15.   Defendants will instruct parole agents not to purge the field file of medical
10  information already in the file that is related to parole supervision.

11      16.   Defendants will revise the language in the Memorandum titled "Confidential
12  Section of Field File" that instructs parole agents that field files are not the appropriate place
13  for medical information. The revised language will direct parole agents to keep in the field
14  file that medical information which is related to the supervision of the parolee. All other
15  medical information will be forwarded to the appropriate records department for safe
16  keeping in the medical file.

17.

18  **E. Procedure to Challenge Confidential Designations**

19      17.   Defendants shall make available at the probable cause hearing a procedure for
20  the parolee to challenge the designation by Defendants of a witness as a confidential
21  informant. The determination shall be based on the facts contained in the revocation packet
22  only, and whatever other facts the parolee or counsel may offer. For this determination at
23  the probable cause hearing, the presence of the field file and the parole agent who made the
24  confidential designation are not required.

25      18.   Defendants shall make available at the final revocation hearing a procedure
26  for all challenges to the withholding of other information and documents as confidential.

27      19.   The California Parole Advocacy Program (CalPAP) will be compensated for
28  bringing petitions for habeas corpus and other applicable writs or appeals to challenge

Received at: 3:03PM, 5/24/2005

1   decisions made at the probable cause and revocation hearings on the designation of

2   information and witnesses as confidential.  In providing such compensation, Defendants are

3   not required to exceed the total contract amount with CalPAP for this year.  Compensation

4   to CalPAP for such writs may be revisited by Defendants and CalPAP in the negotiation of

5   future contracts.  Plaintiffs and Defendants have reached no agreement regarding the

6   compensation of writs brought on other issues.

7

8   **F.  Information Provided to Challenge Withholding of Information as Confidential**

9          20.     Defendants will fill out CDC Form 1030-X to give the parolee or the parolee's

10  attorney notice whenever information is designated confidential for the purpose of a

11  revocation proceeding.  Defendants will use CDC Form XXX as an attachment on the

12  outside of the confidential section of the parolee's field file.

13

14  **G.  Review of the Field File**

15         21.     Defendants will remove the language prohibiting review of the field file at the

16  revocation hearing from the Memorandum titled "Confidential Section of Field File" issued

17  to Regional Parole Administrators, Headquarters Parole Administrators, District

18  Administrators, and Unit Supervisors and replace it with the policy outlined in Paragraph 22

19  of this Stipulation.

20         22.     If the parolee's attorney intends to review the parole field file, such review

21  should normally occur prior to the revocation hearing.  However, upon request by the

22  parolee or parolee's attorney to review the field file at the revocation hearing, the presiding

23  Deputy Commissioner will decide on a case-by-case basis whether to allow such review on

24  a prima facie showing by the parolee or parolee's attorney of the need to review the file,

25  considering factors such as the possibility of new information in the file, other information

26  written in the file relevant to the proceeding, and factors related to the time, burden,

27  inconvenience, and expense of visiting the parole office, such as distance.

28

1   **H.  Review of Field Files By Attorneys' Designees**

2        23.    Defendants shall include in their list of persons authorized to conduct a review

3   of the field file at the parole office: the parolee's attorney, CalPAP employees, certified law

4   students, paralegals working for CalPAP or the parolee's privately retained counsel, law

5   clerks for CalPAP or privately retained counsel, and legal secretaries for CalPAP or

6   privately retained counsel. Such designees shall present written authorization to review the

7   field file from the attorney on the attorney's letterhead, or on CalPAP's letterhead. The

8   term "employee" as used above should be interpreted in good faith to achieve the goals of

9   this settlement. If this list is considered unduly restrictive, this matter will be revisited

10  within a year.

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1 | **1. Criminal Identification and Information "Rap Sheet"**

2 |     24.    The issue relating to disclosure of the Criminal Identification and Information

3 | (CI&I) Sheet is deferred pending resolution of Senate Bill 647 in the California State

4 | Legislature, which as of April 28, 2005, has been passed by the California State Senate, and

5 | is being considered on an urgency basis by the California State Assembly.

6 |

7 |

8 | IT IS SO STIPULATED.

9 | Dated: _May 24_, 2005          BILL LOCKYER, Attorney General
10 | of the State of California, ROBERT R. ANDERSON, Chief Assistant Attorney General,
11 | FRANCES T. GRUNDER, Senior Assistant Attorney General,
12 | STEPHEN P. AQUISTO, Supervising Deputy Attorney General
13 |

14 | By
15 | Benjamin T. Rice, Deputy Attorney General Attorneys for Defendants
16 |

17 | Dated: _____, 2005      ROSEN, BIEN & ASARO, LLP
18 |

19 | By
20 | Ernest Galvan, Attorneys for Plaintiffs
21 |

22 |

23 | IT IS SO ORDERED.

24 | DATED: _____.     By: _____
25 | The Honorable Lawrence K. Karlton
26 | Chief Judge Emeritus United States District Court

27 |

28 |

Received at: 3:01PM, 5/24/2005

1   **I.  Criminal Identification and Information "Rap Sheet"**

2        24.   The issue relating to disclosure of the Criminal Identification and Information

3   (CI&I) Sheet is deferred pending resolution of Senate Bill 647 in the California State

4   Legislature, which as of April 28, 2005, has been passed by the California State Senate, and

5   is being considered on an urgency basis by the California State Assembly.

6

7

8   **IT IS SO STIPULATED.**

9   Dated: _____, 2005          BILL LOCKYER, Attorney General
          of the State of California,

10             ROBERT R. ANDERSON, Chief Assistant
          Attorney General,

11             FRANCES T. GRUNDER, Senior
          Assistant Attorney General,

12             STEPHEN P. AQUISTO, Supervising
          Deputy Attorney General

13

14             By    _____

15                  Benjamin T. Rice,
               Deputy Attorney General

16                  Attorneys for Defendants

17   Dated: May 24, 2005          ROSEN, BIEN & ASARO, LLP

18

19             By _____

20                  Ernest Galvan,
               Attorneys for Plaintiffs

21

22

23   **IT IS SO ORDERED.**

24   DATED: 6/1/05           By: _____

25                  The Honorable Lawrence K. Karlton
               ~~Chief Judge Emeritus~~ Senior

26                  United States District Court Judge

27

28