BINGHAM, McCUTCHEN LLP
KAREN KENNARD – 141925
KRISTEN A. PALUMBO - 215857
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: (415) 393-2000

PRISON LAW OFFICE
DONALD SPECTER – 83925
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & ASARO, LLP
MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
JANET TUNG – 231682
155 Montgomery Street, 8th Floor
San Francisco, California 94104
Telephone (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY VALDIVIA,et al.,

Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, Governor of the State of California; et al.,

Defendants.

No. Civ. S-94-0671 LKK/GGH

**JOINT STIPULATION TO REQUEST TO SUBMIT DISPUTED ISSUE TO COURT FOR DECISION.**

THE PARTIES, BY AND THROUGH THEIR COUNSEL, HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. On January 13, 2005, Plaintiffs filed a Notice of Motion and Motion on Shortened Time for Order Enforcing the Terms of the Permanent Injunction and Memorandum of Points and Authorities, challenging Defendants' failure to develop and implement policies and procedures for the designation of information as confidential that are consistent with due process as required by the Stipulated Order for Permanent Injunctive Relief, entered by this Court on March 9, 2004.

2. On January 24, 2005, Defendants filed their Opposition to Plaintiffs' Motion to Enforce Terms of Permanent Injunction and a motion for protective order, and on March 7, 2005, Defendants filed a Supplemental and Superseding Opposition to Plaintiff's Motion to Enforce Terms of Permanent Injunction, and amended motion for protective order.

3. On March 14, 2005, Plaintiffs filed their Reply in Support of Plaintiffs' Motion for Order Enforcing the Terms of the Permanent Injunction and Plaintiffs' Opposition to Defendants' Amended Motion for Protective Order.

4. On March 14, 2005, after a telephonic conference with the parties, the Court took the matter off-calendar pending a settlement conference before Magistrate Judge Moulds.

5. On April 14, 2005, the parties appeared before Magistrate Judge Moulds for a settlement conference. The parties resolved all but one disputed issue at the settlement conference. The parties agreed to submit the remaining dispute issue for decision by the Court without oral argument unless the Court requests argument. The parties submitted this agreement as a Stipulation, which the Court approved on June 1, 2005 (Docket No. 1217).

6. The remaining disputed issue concerns whether parolees' counsels' access to certain mental health information should be subject to any conditions of non-disclosure to the parolee under the California Patient Access to Health Records Act ("PAHRA"), California Health and Safety Code Sections 123100 – 123149.5.

7. Defendants' position is that parolees' counsel should be bound by a protective order to withhold mental health information from the parolee if a mental health clinician has

determined under Section 123115(b) of the PAHRA that "there is a substantial risk of significant adverse or detrimental consequences to a patient in seeing or receiving a copy of mental health records requested by the patient."

8. Plaintiffs' position is that due process and the Permanent Injunction require that parolees' counsel have access to parole office mental health records, which are often relevant to the alleged parole violations or to the appropriateness of a return to custody. Restricting counsel from discussing this information with clients unnecessarily impedes counsels' ability to use the information to defend the client. As a matter of California law, Section 123115 does not apply to disclosures to a person's attorney, which are governed by separate statutes, including Section 1158 of the California Evidence Code. In addition, California courts have already determined that statutory and public policy limitations on disclosure of one's own records do not apply in a proceeding where one's liberty is at issue.

9. The arguments regarding this issue have been fully briefed. For the convenience of the Court, the parties submit with this Stipulation excerpts of the briefing on this issue. The excerpts are organized as follows:

| | |
|---|---|
| Exhibit 1: | Plaintiffs' Motion, pages 5-12 (Docket No. 1146, 1/13/05). |
| Exhibit 2: | Decl. of Ernest Galvan, Exhibits I & K (Docket No. 1147, 1/13/05). |
| Exhibit 3: | Excerpt of Defs.' Supplemental & Superceding Opposition, pages 1-7 (Docket No. 1162, 3/7/05). |
| Exhibit 4: | Decl. of Benjamin Rice In Opposition, Exhibits B, D (Docket No. 1163, 3/7/05). |
| Exhibit 5: | Decl. of Dr. Jordan (Exhibit E to Decl. of Rice, Docket No. 1163.) |
| Exhibit 6: | Excerpt of Plaintiffs' Reply, pages 4-10, 18-22 (Docket No. 1166, 3/14/05). |
| Exhibit 7: | Decl. of Dr. Kupers (Docket No. 1169, 3/14/05). |
| Exhibit 8: | Excerpt of Decl. of Janet Tung In Support of Plaintiffs' Reply, Exhibit K (Docket No. 1168, 3/14/05). |

10. The parties jointly request that the Court deem Plaintiffs' motion submitted on the written arguments and evidence attached to this Stipulation, and that Court issue an order declaring whether under the Permanent Injunction, parolees' counsel should receive access to information in their client's parole field files without limitations on disclosing the information to the parolee based on perceived risk of harm to the parolee's mental health under California Health & Safety Code § 123115(b).

**IT IS SO STIPULATED.**

Dated: July 11, 2005

BILL LOCKYER, Attorney General of the State of California,
ROBERT R. ANDERSON, Chief Assistant Attorney General,
FRANCES T. GRUNDER, Senior Assistant Attorney General,
STEPHEN P. AQUISTO, Supervising Deputy Attorney General

By *[s] Benjamin T. Rice*
Benjamin T. Rice,
Deputy Attorney General
Attorneys for Defendants

Dated: July 11, 2005

ROSEN, BIEN & ASARO, LLP

By *[s] Ernest Galvan*
Ernest Galvan,
Attorneys for Plaintiffs

**IT IS SO ORDERED.**

**THE MATTER STANDS SUBMITTED.**

Dated: July 14, 2005

/s/Lawrence K. Karlton
Hon. LAWRENCE K. KARLTON
Senior United States District Judge