BILL LOCKYER
Attorney General of the State of California
ROBERT R. ANDERSON
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
STEPHEN P. ACQUISTO
Supervising Deputy Attorney General
BENJAMIN T. RICE, State Bar No. 199754
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-2445
 Fax: (916) 324-5205

Attorneys for Defendants Schwarzenegger, et al.
CA1997CS0005

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JERRY VALDIVIA, et al.,**<br><br>                              Plaintiffs,<br><br>     v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                              Defendants. | NO. CIV-S-94-0671 LKK GGH P<br><br>**STIPULATED PROTECTIVE ORDER** |

SUBJECT TO THE APPROVAL OF THIS COURT THE PARTIES HEREBY STIPULATE TO THE FOLLOWING PROTECTIVE ORDER:

1.  The Stipulated Order For Permanent Injunctive Relief ("Permanent Injunction") requires Defendants to appoint counsel to parolees who have been subjected to parole holds for the process of parole revocation hearings. The Permanent Injunction also requires that the parolees' attorneys ("attorneys of record") be provided with all non-confidential reports and any other documents the state intends to rely upon at the probable cause or final revocation hearing and access to the non-confidential portion of the parolee's field files. (Permanent injunction,

¶¶ 14, 16.)  On April 14, 2005, the parties reached an agreement on some of the procedures to be employed when the state provides parolees' counsel with access to some materials from parolee files.  These procedures were approved by the Court in an Order dated June 1, 2005.

**A. Sensitive Material**

2. In order to comply with the Permanent Injunction, the Due Process Clause of the Fourteenth Amendment of the United States Constitution, *Morrissey v. Brewer*, 408 U.S. 481 (1972) and *In re Olson*, 37 Cal.App.3d 783 (1974), and following the April 14, 2005 settlement agreement, it is agreed by the parties that the parolees' attorneys of record may have access to the following "sensitive material":

   a. Any mental health record in which a health care provider has determined that there is a substantial risk of significant adverse or detrimental consequences to a parole/patient in seeing or receiving a copy and concerning which the health care provider has complied with the requirements of Health & Safety Code section 123115(b).[1/]

   b. Contact information, including telephone numbers and addresses of any witness or victim in the offense alleged in the parole revocation proceeding, and telephone numbers of witnesses or victims that declare themselves to be fearful.

3. The Defendants shall disclose the sensitive material only to the parolee's attorney, CalPAP employees, a certified law student supervised by the attorney of record, paralegals working for CalPAP or the parolee's privately retained attorney, law clerks working for CalPAP or the parolee's privately retained attorney or legal secretaries for CalPAP or the parolee's privately retained attorney.

4. Persons to whom the sensitive material is disclosed shall treat the sensitive material or information as confidential and are prohibited from disclosing the records or

---

1. The parties did not settle this issue at their April 14, 2005, settlement conference.  Plaintiffs do not agree that this paragraph should be included in this protective order.  The parties have filed a joint submission regarding this issue on July 11, 2005.  However, it has been agreed by the parties to ask this Court to issue the protective order as it now stands as soon as possible so that the process of field file reviews can move forward.  If this Court should rule in favor of Plaintiffs on this issue, the parties agree that this protective order will be amended by removing paragraph 2a.

Stipulated Protective Order

2

1 information to any other person, <u>including the parolee who is subject to the parole revocation
2 proceedings</u>, except as necessary in the parole revocation or probable cause hearing when the
3 parolee is not present.  With regard to this exception, the information or records shall be used
4 only as necessary to represent the parolee in the parole revocation or related proceedings and
5 shall not be used in any other action or for any other purpose.

6      5. Each person to whom disclosure of the sensitive material is made shall, prior to
7 the time of disclosure, be provided a copy of this order and shall agree in writing that they have
8 read this order, understand and agree to be bound by its provisions, and consent to be subject to
9 the jurisdiction of the United States District Court for the Eastern District of California with
10 respect to any proceeding regarding the enforcement of this order, including without limitation,
11 any proceeding for contempt for violating this order.

12      6. The parolee's attorneys of record and their agents shall not make copies of the
13 sensitive material obtained by them except as necessary for purposes of the parolee's revocation
14 proceedings or related proceedings.  The attorneys of record will maintain control over all copies,
15 electronic or otherwise, obtained by them.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Stipulated Protective Order

7. If a witness has been declared "fearful," the only contact information that may be given to the parolee's attorney is an alternate telephone number as described in the April 14, 2005, settlement agreement. When contacting any witness or victim, the parolee's attorneys of record and their agents shall identify themselves to the witness or victim as a representative of the parolee.

**IT IS SO STIPULATED.**

Dated: July 28, 2005

/s/ Benjamin T. Rice
BENJAMIN T. RICE
Deputy Attorney General
Attorneys for Defendants

Dated: July 28, 2005

/s/ Ernest Galvan
ERNEST GALVAN, Attorney
ROSEN, BIEN & ASARO, LLP
Attorneys for Plaintiffs

**IT IS SO ORDERED.**

Dated: August 4, 2005.

/s/Lawrence K. Karlton
Hon. LAWRENCE K. KARLTON
Senior United States District Judge

04cv671.proto.0804.wpd