BILL LOCKYER
Attorney General of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
STEPHEN P. ACQUISTO
Supervising Deputy Attorney General
BENJAMIN T. RICE, State Bar No. 199754
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 324-2445
 Fax:  (916) 324-5205

Attorneys for Defendants Schwarzenegger, et al.
CA1997CS0005

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JERRY VALDIVIA, et al.,** | NO. CIV-S-94-0671 LKK GGH P |
| Plaintiffs, | **STIPULATION AND ORDER RE SPECIAL MASTER ORDER OF REFERENCE** |
| v. | |
| **ARNOLD SCHWARZENEGGER, et al.,** | |
| Defendants. | |

On May 23, 2005, upon Defendants' motion, this Court ordered that a Special Master

be appointed in this case. The Court's order was memorialized in the Minutes as follows:

> The Court instructs the parties to meet and confer and to file within 30 days a
> proposed reference. And to the extent that they cannot agree, to provide the
> Court with those portions of the reference which they disagree with. The
> parties are also directed to suggest to the Court the means by which a special
> master shall be selected. The Court wishes to emphasize that the master is
> supplemental to the methods set forth in the decree and is not intended to
> displace those procedures.

(Docket No. 1213.)  Pursuant to the Court's order, the parties have met and conferred regarding

the proposed terms of reference, and the court now ORDER as follows:

**I.   Selection of the Special Master**

   A.   The parties shall promptly meet and confer and seek to agree on a qualified candidate to submit for the Court's approval as Special Master.  If within thirty (30) days after this stipulation is filed by the parties, the parties have not agreed on one qualified candidate, each side shall file and serve a list of no more than three candidates for appointment.  Within ten days of submission, each side may veto one candidate on the other side's list.  The candidates shall be submitted to the Court with their resumes and brief descriptions of their qualifications.  The Court will select and appoint a Special Master from one of the candidates submitted by the parties, or such other person as the Court shall find has sufficient experience and expertise.  If the Court selects as Special Master a person who is not proposed by a party, the Court will allow the parties twenty (20) days in which to make written objections to the Court's selection.  Thereafter, the Court will appoint its selection or submit to the parties a new candidate for their comment.

   i.   The candidates' experience in due process, mediation, alternative dispute resolution, corrections, re-entry and parole supervision shall be considered in the selection.  If a Special Master is chosen who does not have experience in corrections, re-entry or parole supervision, the Special Master is encouraged, but not required, on an as-needed basis to retain and consult persons with expertise in such fields by the procedures provided for in Paragraph 5.g, below.

   B.   In the event the Special Master becomes unable to fulfill his or her duties and is relieved by the Court, or becomes permanently unavailable due to death or other unforeseen circumstances, a new Special Master shall be selected in the same manner provided in Paragraph 1.

**II.   Duties of the Special Master**

   The Special Master shall have the following duties:

   A.   To receive periodic compliance reports from Defendants that set forth progress towards implementation of the Permanent Injunction, and compliance with its requirements.  The format and content of these compliance reports is within the discretion of Defendants, except that the Special Master may require Defendants to include additional information or change the format at his or her discretion.  A designated representative of Plaintiffs' counsel shall receive a

Stipulation Re Special Master Order of Reference

1    copy of all such compliance reports at the same time as the Special Master.  The Special Master

2    shall give the Defendants 60 days notice to complete a compliance report.

3            B.    To prepare and file with the Court reports on the status of the Defendants'

4    compliance with the Permanent Injunction.  These reports shall be issued by the special master

5    every three to six months.  These reports shall contain the Special Master's assessment of

6    Defendants' progress towards implementation and compliance with the Permanent Injunction.

7    The Special Master shall attach a copy of any report or document used as evidence, referenced, or

8    relied upon by the Special Master in issuing the compliance report, except for material already

9    available or accessible to the parties, provided the report includes sufficient citation for the

10    parties to access the report or document referred to.  Such status reports are separate and distinct

11    from any findings of fact, conclusions of law, orders, or recommendations resulting from the

12    dispute resolution processes described in Paragraphs 10-15, below.  No later than thirty (30) days

13    prior to filing a status report with the Court, the Special Master shall serve a draft report on one

14    designated representative of counsel for Plaintiffs, and one designated representative of counsel

15    for Defendants, and shall afford counsel twenty (20) days to submit specific written objections.

16    Thereafter, the Special Master shall serve and file his periodic status report in accordance with

17    Rule 53(f) of the Federal Rules of Civil Procedure.  The Special Master's reports shall be final

18    unless, no later than twenty (20) days after service of the final report, a party files written

19    objections with the Court.  If any party files objections, the opposing party shall have twenty (20)

20    days to file a reply to the objections with the Court.  If objections are filed, the Court will

21    consider the matter and issue an order adopting the report in full or as modified, or rejecting the

22    report.

23            C.    To assist the parties and the Court in addressing disputes regarding

24    implementation of the Court's March 9, 2004 Stipulated Order for Permanent Injunctive Relief

25    ("Permanent Injunction") including, but not limited to: monitoring, development of policies and

26    procedures, and compliance with the Permanent Injunction.  This duty shall be exercised

27    according to the procedural requirements set forth below.

28    ////

Stipulation Re Special Master Order of Reference

1    D.    To assist the parties in drafting standards for what constitutes substantial

2  compliance with the Permanent Injunction.

3    E.    To advise the Court concerning any modification to the Permanent Injunction that

4  appears necessary to effectuate the injunction.

5    F.    The duties set forth herein may be further specified, expanded or modified only by

6  Order of this Court.

7  **III.  Powers of the Special Master**

8    The powers of the Special Master are to be used only as necessary to perform his or her

9  duties as the special master in this case and shall be limited to the following:

10    A.    To enter, at any reasonable time with or without notice, any part of any facility,

11  institution, prison, parole office, records office, headquarters office, jail, Decentralized

12  Revocation Unit or other location necessary to monitor Defendants' compliance with the

13  Permanent Injunction.

14    B.    To interview, on a confidential basis or otherwise, staff, employees, contractors or

15  appointees of the California Department of Corrections and Rehabilitation ("CDCR"); staff,

16  employees, contractors, and appointees of any facility or institution where parolee class members

17  are held or reside or are offered programs or services as well as staff, employees, appointees and

18  contractors for the Institute of Administrative Justice at McGeorge School of Law, California

19  Parole Advocacy Project, for purposes of performing the duties of the Special Master under this

20  Order.  Defendants shall provide suitable facilities and arrange for such interviews to be

21  conducted under conditions suitable to the Special Master.  In addition, the Special Master may

22  engage in informal conferences with CDCR staff, employees, contractors, and appointees, and

23  such persons shall cooperate with the Special Master and respond to inquiries related to the

24  performance of the Special Master's duties, including requests for the compilation or

25  communication of oral, written or electronic information that is not protected by the attorney-

26  client or other appropriate privilege.  Any documents or electronic information provided by

27  Defendants to the Special Master shall also be copied to a designated representative of Plaintiffs'

28  counsel.

4

C.   To interview, confidentially or otherwise, parolee class members, provided they consent.  Defendants shall cooperate with the Special Master to arrange such interviews at CDCR institutions and non-CDCR institutions where such class members may be incarcerated.  For class members who are not in custody, Defendants shall provide available contact information to the Special Master in order to facilitate such interviews.

D.   To attend formal meetings of any task force or implementation group of the CDCR, or its appointees, designees and contractors, regarding Permanent Injunction implementation, at the Special Master's discretion.

E.   To have access to the records, files and papers that are maintained by Defendants to the extent that such access is related to the performance of the Special Master's duties, and are not privileged.  Such access shall include all CDCR records, and inmate/parolee records, including but not limited to, central files, medical records, parole field files, logs, as well as databases, tracking systems such as RSTS (any version), DDPS (any version), and OBIS (any version).

F.   To attend, at the Special Master's discretion, any monitoring tour conducted by counsel or employees of any party regarding implementation of the Permanent Injunction.

G.   To retain or employ assistants, administrative support staff, or any other person whose advice or assistance the Special Master deems necessary to the effective fulfillment of the Special Master's duties.  The special master shall inform the parties in writing at least 14 days before he or she petitions the Court to employ such persons.  The requirements of Rule 706 of the Federal Rules of Evidence shall apply if the Special Master retains persons who are to provide substantive or expert assistance, consultation,  investigation, reporting or testimony.  The parties shall submit their opposition to the Court 14 days after receiving the special master's notice that he or she intends to retain such persons.  All such persons, as well as the nature of their compensation, shall be approved by the Court in advance of their retention or employment.

H.   To meet with counsel for the parties, and other representatives of the parties, in person or in a telephonic conference, to discuss Defendants' compliance with the Permanent Injunction.

Stipulation Re Special Master Order of Reference

1   I.   To hold and conduct hearings with respect to disputes submitted under Paragraphs
2   10 through 15, below.  To this end, the Special Master shall have the power to require the
3   attendance of witnesses, including but not limited to Defendants, employees or appointees of
4   CDCR, and persons confined by the CDCR, and parolee class members, as provided in Rule
5   53(d) of the Federal Rules of Civil Procedure.

6   J.   The powers described herein may only be modified by order of this Court.

7   K.   In exercising the powers enumerated herein, the Special Master may act by him or
8   herself, or through employees of, or assistants to the Special Master who are approved by the
9   Court.  All actions of such assistants shall be supervised and coordinated by the Special Master
10  in order to accomplish the objectives of this reference.

11  L.   The Special Master shall not be empowered to direct Defendants or any of their
12  subordinates to take or to refrain from taking any specific action to achieve compliance.  The sole
13  power to direct compliance and punish non-compliance remains with the Court.

14  M.   The Special Master may communicate ex parte with the Court or with a party,
15  subject to the limitations set forth in Paragraphs 3.b, above, and 14.b and 14.f, below.

16  **IV.  Dispute Resolution Procedures**

17  A.   The Permanent Injunction provides several methods for resolving disputes
18  regarding the development of policies, procedures, forms, and plans, including a method for
19  bringing disputed issues to the Court on shortened time, (Permanent Injunction ¶ 10), and a
20  method for resolving disputes regarding compliance withe the Permanent Injunction.  Pursuant to
21  this Court's May 23, 2005, Order regarding the appointment of a Special Master, the following
22  dispute resolution methods are supplemental to the Permanent Injunction procedures and do not
23  displace them.   A party seeking the assistance of the Special Master to address a dispute shall
24  notify the opposing party or parties, and the Special Master, in writing delivered by email or fax
25  to a designated attorney representative of the opposing party, which notice shall contain a
26  statement setting forth the nature of the dispute and the remedy sought.  The parties shall, within
27  twenty (20) days of receipt of this notice, meet and confer with the Special Master to address the
28  procedures to be used for addressing the dispute.  For each dispute, the parties shall select one, or

Stipulation Re Special Master Order of Reference

if necessary more than one, of the following procedural options, each of which is described in more detail below:

        1.    Informal meet and confer among the parties and the Special Master and/or experts.

        2.    Investigation and report by the Special Master and/or his or her assistants.

        3.    Formal mediation by the Special Master.

        4.    Fact-finding hearing by the Special Master with Report and Recommendation to the Court, and de novo review by the District Court.

If the parties are unable to decide the proper procedural option to utilize for the dispute, the Special Master shall choose the appropriate procedural option.

        B.    Informal meet and confer among the parties and the Special Master.  The parties may request the attendance of the Special Master or experts at the meet and confer sessions, whether live or telephonic, described in Paragraphs 10, 26 and 29 of the Permanent Injunction.

        C.    Investigation and report by the Special Master and/or his or her assistants.  The parties may request that the special master investigate or direct a person hired under paragraph 5(g) to investigate a disputed issue and prepare a report based on that investigation.  Any report issued as a result of an investigation must follow the requirements for periodic status reports at Paragraph 3.b, above, or fact-finding reports, at Paragraphs 14.f, 14.g and 14.h, below.

        D.    Formal mediation by the Special Master.  The parties may initiate a formal mediation by the Special Master.  The Special Master may require the parties to submit mediation briefs prior to the mediation session.  Either party may elect to submit a confidential mediation brief.  The Special Master may not rely on ex parte communications received during mediation as a basis for any finding of fact in a formal fact-finding hearing.  Unless all parties stipulate to extend the time, mediations must be complete within thirty (30) days of their initiation.

        E.    Fact-finding hearing by the Special Master with Report and Recommendation to the Court, and de novo review by the District Court.  If the parties request, and the Special Master agrees to hold the hearing, a dispute or set of disputes may be submitted to the Special

Stipulation Re Special Master Order of Reference

1  Master for report and recommendation to the Court.  The following procedures shall apply to

2  fact-finding hearings:

3       1.    Upon the conclusion of a meet and confer process or mediation, the parties,

4  upon consent by the Special Master, may initiate a formal fact-finding and report process with

5  the Special Master.

6       2.    Upon the agreement to submit a dispute or set of disputes to a fact-finding

7  hearing, the Special Master, to the extent possible, to refrain from ex parte communication with

8  any party, counsel, employees or other representatives or any party, including any employees of

9  the CDCR regarding the subject of the dispute.  In any event, the Special Master shall not base

10  any findings of fact, conclusions of law, orders, or recommendations regarding the dispute on ex

11  parte communications.  Instead, any findings, conclusions, orders or recommendations shall be

12  supported by the record evidence in declarations and/or testimony received at evidentiary

13  hearings.

14       3.    No later than twenty (20) days after the parties agree to submit a dispute to a

15  fact-finding hearing, the parties, in consultation with the Special Master, shall jointly prepare a

16  proposed schedule providing deadlines for discovery (including production of documents and

17  depositions), briefing, evidentiary hearing, findings of fact, conclusions of law and

18  recommendations to the Court.  The Special Master shall promptly resolve any disputes

19  regarding procedure, and issue a management order addressing the schedule for discovery,

20  briefing, hearing, findings of fact, conclusions of law and recommendations to the Court.  A

21  party may seek review of the dispute management order by noticed motion to the Court.

22       4.    The parties shall be entitled to reasonable discovery relevant to the pending

23  dispute before any hearing before the Special Master, including production of documents and

24  depositions.  The Special Master shall have the authority to regulate discovery as provided in

25  Rule 53(c) of the Federal Rules of Civil Procedure.

26       5.    Any hearing before the Special Master shall take place in the presence of a

27  certified court reporter.  The reporter's transcript and any documents or other materials accepted

28  into evidence by the Special Master shall constitute the record of the hearing.

Stipulation Re Special Master Order of Reference

6.   Upon completion of briefing and hearing, the Special Master shall have thirty (30) days to file with the Court and serve on an attorney designated by each party findings of fact, conclusions of law, and a recommendation to the Court for resolution of the dispute. Any recommendation must be supported by findings of fact. All findings of fact shall be supported by evidence submitted in the record of the hearing, or by declaration. Findings of fact may not be supported by ex parte communications.

7.   The parties shall have twenty (20) days after service to file and serve Objections to Court regarding the findings, conclusions and recommendation. Each party shall have ten (10) days after service of the other parties' Objections to file and serve Replies. The parties shall indicate in their Replies whether oral argument is requested.

8.   Any finding of fact, conclusion of law, recommendation or procedural order that is subject to objection shall be reviewed de novo by the Court.

9.   Direct briefing of the dispute to the District Court. In cases of particular urgency that are central to the purpose of the Permanent Injunction, a party may opt to bring disputes directly to the District Court under Paragraphs 10, 28 and 29 of the Permanent Injunction. Or both parties may consent to bypass the use of the special master if the parties agree the issue should be briefed to the Court.

**V.   Compensation of the Special Master**

A.   The Special Master shall receive reasonable compensation at a rate to be set by the Court. All reasonable expenses incurred by the Special Master in performing his or her duties shall be reimbursed. The Special Master's fees and expenses shall be borne by the Defendants as part of the costs of this action.

B.   The Special Master periodically, and in no event less frequently than once every three months, shall submit to the Court and serve on the designated representatives of Defendants and Plaintiffs, an itemized statement of the Special Master's fees and expenses, which shall be payable upon receipt.

////

////

Stipulation Re Special Master Order of Reference

1    **VI.  Effect of Special Master on Stipulated Permanent Injunction**

2         Pursuant to the Court's ruling on May 23, 2005, the Special Master's services should

3    supplement the methods set forth in the Permanent Injunction and are not intended to displace

4    them.

5              Dated:  August 12, 2005

6                                                        Respectfully submitted,

7                                                        BILL LOCKYER
                                                         Attorney General of the State of California

8                                                        JAMES M. HUMES
                                                         Chief Assistant Attorney General
9
                                                         FRANCES T. GRUNDER
10                                                       Senior Assistant Attorney General

11                                                       STEPHEN P. ACQUISTO
                                                         Supervising Deputy Attorney General
12
                                                         */s/  Benjamin T. Rice*
13
                                                         BENJAMIN T. RICE
14                                                       Deputy Attorney General

15                                                       Attorneys for Defendants

16

17   Dated:  August 12, 2005

18                                         By     ___***Ernest Galvan***___
                                                  Ernest Galvan,
19                                                ROSEN, BIEN & ASARO, LLP
                                                  Attorneys for Plaintiffs

20

21   **IT IS SO ORDERED**

22   Dated:  August 15, 2005.

23                                         By     /s/Lawrence K. Karlton
                                                  Hon. LAWRENCE K. KARLTON
                                                  Senior United States District Judge
24

25

26

27

28

Stipulation Re Special Master Order of Reference