UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY VALDIVIA, ALFRED YANCY,
and HOSSIE WELCH, on their own
behalf and on behalf of the class
of all persons similarly situated,

        NO. CIV. S-94-671 LKK/GGH

    Plaintiffs,

  v.                             O R D E R

ARNOLD SCHWARZENEGGER, Governor of
the State of California, et al.,

    Defendants.
                                       /

    This matter is before the court on a joint stipulation submitting a disputed issue concerning the scope of the stipulated judgment in the above-captioned matter. On April 14, 2005, the parties appeared before Magistrate Judge Moulds for a settlement conference. The parties resolved all but one disputed issue at that conference. The parties agreed to submit the remaining disputed issue for decision by this court without oral argument.

////

1

1    The remaining disputed issue concerns whether parolees'
2 counsels' access to certain mental health records should be
3 subject to conditions of non-disclosure to the parolee under the
4 California Patient Access to Health Records Act ("PAHRA"), Cal.
5 Health & Safety Code §§ 123100-123149.[1]
6    Upon consideration of the parties' papers, the court
7 concludes that the parolees' due process rights override any
8 condition of non-disclosure called for under the PAHRA.  For
9 that reason, I conclude that parolees' counsel should receive
10 access to information in their client's field file without any
11 limitation on whether they can discuss the information with
12 their clients.
13    The defendants' position is that PAHRA controls.[2]  Under
14 the approach suggested by the defendants, parolees' counsel
15 could view the mental health records, but would be bound by a
16 protective order to not discuss the records with the parolee if
17 a mental health clinician had determined that under that section

---

[1] Section 123115 (b) provides that "when a health care provider determines there is a substantial risk of significant adverse or detrimental consequences to a patient in seeing or receiving a copy of mental health records requested by the patient, the provider may decline to permit inspection or provide copies of the records to the patient." Cal. Health & Safety Code § 123115(b).

[2] Given that this case arose under 42 U.S.C. § 1983, it is clear that the applicable privilege law is federal rather than state. See Fed. R. Evid. 501.  Under California law, the privilege established in Cal. Health & Safety Code § 123115(b) is recognized to be subject to due process considerations arising under the federal Constitution, however, there is no need for this court to make an independent judgment, and instead I will adopt the California court's analysis of the issue tendered by the parties.

"there is a substantial risk of significant adverse or detrimental consequences," to the parolee. Cal. Health & Safety Code § 123115(b). As plaintiffs argue, however, it is established under California law that any privilege circumscribing information conveyed to parolees in connection with a revocation hearing may only be exercised within the parameters of due process. In re Olsen, 37 Cal.App.3d 783, 790 (1974). Defendants argue that Olsen is distinguishable because it did not involve psychiatric information that could be detrimental to a parolee. The argument is unavailing.

Due process mandates full disclosure except in the narrow set of circumstances delineated in Olsen. Specifically, records may be withheld only if "the security of the institution will be jeopardized or an informant will be exposed to an undue risk of harm by the disclosure of a particular document." Olsen, 37 Cal.App.3d at 790. Section 123115(b) of PAHRA does not fall within the narrow exception to disclosure recognized by the California Court of Appeal. Releasing mental health records does not pose a direct security threat to an institution or to an informant. Thus, defendants may not rely on Section 123115(b) as grounds to restrict counsels' ability to discuss sensitive mental health records with their clients.[3]

---

[3] Moreover, the revised memo, which outlines the defendants' proposed policy on reviewing and releasing confidential information, see Exhibit 2, as well as the defendants' amended protective order on this issue, see Exhibit 4, do not comport with the defendants' policies and procedures submitted by defendant pursuant to the permanent injunction.

3

1     The court recognizes defendants' concerns about the potential harm associated with sharing sensitive material with parolees. The court, however, assumes that the parolees' lawyers will use discretion in discussing such sensitive material with their clients.[4]

   Based on the court's review of the joint stipulation and the attached papers and exhibits, the court orders that parolees' counsel shall receive access to information in their client's parole field files without any limitations or restrictions on disclosing the information to the parolee based on perceived risk of harm to the parolee's mental health under Cal. Health & Safety Code § 123115(b). Defendants, in delivering such material, may note its sensitive character and urge counsel to use discretion in determining whether to discuss its contents with a client.

   IT IS SO ORDERED.

   DATED: August 31, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] The court suggests that defendants review plaintiffs' exhibit K, a copy of the United States Social Security Administration Program Operations Manual System. The SSA policy is helpful in situations posed by defendants' concern. Under the SSA policy, if the agency is concerned about releasing sensitive medical records, the records are released to a representative of the patient's choosing. The representative is then given the records and is directed to keep in mind the sensitive nature of the records when discussing them with the patient. Similarly, the parolees' lawyers may be instructed to use their discretion in discussing sensitive material with their clients.

4