UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY VALDIVIA, ALFRED YANCY,
and HOSSIE WELCH, on their own
behalf and on behalf of the class
of all persons similarly situated,

        Plaintiffs,

  v.

ARNOLD SCHWARZENEGGER, Governor of
the State of California, et al.,

        Defendants.

/

NO. CIV. S-94-671 LKK/GGH

<u>O R D E R</u>

Pending before the court is plaintiffs' motion for leave to file a first supplemental civil class action complaint pursuant to Federal Rule of Civil Procedure 15 (d). The court decides the matter based on the papers and after oral argument.

## I.

### Background Facts

In 2002, plaintiff filed a fifth amended complaint. The complaint alleged, inter alia, that California's parole process deprived adult parolees of due process and their right to

1

counsel under the Sixth Amendment.  <u>See</u> 2002 Compl.  On June 14, 2002, the court granted plaintiffs' motion for summary judgment. The court held that the "current California parole revocation system violated the plaintiffs' due process rights." <u>Valdivia v. Davis</u>, 206 F. Supp. 2d 1068, 1078 (E.D. Cal. 2002) (J. Karlton).

On March 9, 2004, this Court entered a Stipulated Order For Permanent Injunctive Relief ("Permanent Injunction"), ordering defendants to provide certain due process protections to plaintiffs during the parole revocation process.  Among other things, defendants were ordered to serve adult parolees with actual notice of the alleged violation and notice of the parolee's rights and timeframes within three days of the parole hold; to provide probable cause hearings within ten days of the notice of charges and final hearings within thirty-five days of the parole hold; and to provide parolees with counsel.

In 2005, California created the Department of Corrections and Rehabilitation (CDCR).  This organization took authority over the former Department of Corrections, Youth Authority ("CYA"), Board of Prison Terms, and Youthful Offender Parole Board.  Under the new organizational scheme, a new single agency within CDCR, the Board of Parole Hearings, now oversees and is responsible for parole revocation for both adults and juveniles.[1]

---

[1] Defendants put forth evidence in the form of a declaration that in January of 2007, responsibility for juvenile

1  Plaintiffs' now seek to file a supplemental complaint.
2  Plaintiffs' supplemental complaint alleges, inter alia, that
3  juvenile parolees in California are denied prompt preliminary
4  hearings, assistance of counsel, and other protections in the
5  parole revocation process. Plaintiffs aver that the alleged
6  violations raised in the supplemental complaint are closely
7  related to the constitutional violations at issue in the
8  original Valdivia action and thus, pursuant to Rule 15 (d), the
9  court should grant the motion to file the supplemental
10 complaint.

**II.**

**STANDARD FOR SUPPLEMENTAL PLEADINGS PURSUANT TO RULE 15 (d)**

Rule 15 (d) provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1981).

---

parole hearings will be transferred to the Chief Deputy Secretary of Juvenile Justice within the division of Juvenile Justice (formally named California Youth Authority). See John Monday Decl. in support of Defs.' Opp'n to the Mot. to file Supp. Compl.

3

Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. Fed. R. Civ. P. 15, advisory committee's note. "While leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997).

### III.

### Analysis

Although Rule 15(d) is to be liberally applied, see Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988), in the case at bar, the circumstances are such that permitting the supplemental complaint is not the proper course of action.

The court is persuaded that significant differences between the adult and juvenile parole systems exist. In theory, juveniles who are found in violation of parole are returned to juvenile facilities for training and treatment. See Monday Decl. at 3:10-13. In contrast, adult prisoners have parole revoked as a form of punishment. Id. The court also notes that defendants have provided some evidence that in January, 2007 responsibility for juvenile parole hearings will be transferred to the Chief Deputy Secretary of Juvenile Justice within the division of Juvenile Justice (formally named California Youth Authority). Id.

These differences are significant and it is not clear that the permanent injunction currently applied to adults would apply

4

1 with equal force to juveniles.  More likely than not, the
2 differences between the two systems and the differences between
3 juvenile and adult parolees generally, will require the court to
4 either craft a new remedy or significantly modify the previous
5 injunction.
6      In sum, the court finds that the circumstances are such
7 that allowing a supplemental complaint would be inappropriate at
8 this time.  That being said, it is apparent that the cases are
9 related.  Both cases allege that the parole revocation process
10 in California violates the due process rights of  parolees.
11 Should plaintiffs' file a new action, the court will not
12 hesitate in relating the two cases.

**IV.**

**Conclusion**

15     For these reasons, plaintiffs' motion for leave to file a
16 first supplemental complaint is DENIED.

18 IT IS SO ORDERED.
19 DATED: September 5, 2006.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5