UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY VALDIVIA, ALFRED YANCY,
and HOSSIE WELCH, on their own
behalf and on behalf of the class
of all persons similarly situated,

      NO. CIV. S-94-671 LKK/GGH

    Plaintiffs,

  v.                              O R D E R

ARNOLD SCHWARZENEGGER, Governor of
the State of California, et al.,

    Defendants.
_____/

    The court is in receipt of putative class member Daren Miller's motion for compliance. On March 27, 2006 the court issued an order denying a similar motion filed by Mr. Miller. The court again reminds Mr. Miller that there is no provision in the Stipulated Judgment for enforcement by individual class members. The motion is therefore DENIED. The Clerk shall serve a copy of the attached motion on class counsel.

    IT IS SO ORDERED.

    DATED: September 29, 2006.

                /s/ Lawrence K. Karlton
                LAWRENCE K. KARLTON
                SENIOR JUDGE
                UNITED STATES DISTRICT COURT

Daren Jean Miller
D-01935
P.O. Box 2210
Susanville, Ca. 96127

FILED
AUG 14 2006
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

United States District Court
Eastern District of California

| | |
|---|---|
| Daren Jean Miller, Class Plaintiff, RE: Jerry Valdivia et al, Plaintiff, vs. Arnold Schwarzenegger, et al, Defendants. | No. CIV-S-94-671 LKK/GGH<br><br>Notice and Motion to Order Plaintiff's Counsel to Comply to Permanent Injunctive Relief. |

I. The class Plaintiff, Daren Jean Miller, moves this court with this Notice and Motion to Order Plaintiff's Counsel to Comply to Permanent Injunctive Relief. On the following grounds:

(1). I am a individual class member and after repetitly asking Plaintiff's Counsel, Kristen A. Palumbo, to help, she has failed to correctly comply to the (Injunctive Relief Page. 7 PP. 27.)).

(2) There is no mechanism established for promptly addressing concerns raised by individual class members and emergencies, per Injunctive Relief calls for:

1

(3). PLAINTIFFS COUNSEL IS BEING PAID FOR A SERVICE THEY ARE NOT IN COMPLIANCE WITH IN THE INJUNCTIVE RELIEF. (ID. AT P 7, PP 27, PP. 30.)

## CONTENTION

(a). I THE CLASS PLAINTIFF HAS BEEN IN CUSTODY SINCE DEC. 6, 2005, ON A REVOCATION OF PAROLE, PLAINTIFFS ATTORNEY, KRISTEN A. PLUMBO HAS DRAG HER FEET AND HAS ACOMPLISHED NOTHING TO DATE IN REGARDS TO CONCERNS I HAVE RAISED CONCERNING "DUE PROCESS" RIGHTS VIOLATIONS BY THE DEFENDANTS. IN VIOLATION OF THE (PERMANENT INJUNCTIVE RELIEF) IN THIS MATTER.

(b). THE ATTORNEY GENERAL REQUESTED I GO THROUGH THIS SAME CHANNEL SEE, (EXHIBIT "D").

(c). THE HONORABLE JUDGE, KARLTON, DENIED MY MOTION ATTEMPTING TO HAVE A MOTION HEARD AS A (INDIVIDUAL CLASS MEMBER) SEE, (EXHIBIT "E").

(d). MY ONLY RELIEF IS THROUGH PLAINTIFFS COUNSEL PER THE INJUNCTION AND JUDGE, KARLTON ORDER.

WHEREFORE, THE CLASS PLAINTIFF, REQUEST THAT THIS COURT ORDER THE PLAINTIFFS COUNSEL TO COMPLY TO THE (INJUNCTIVE RELIEF, P. 7 PP. 27,)) AND HELP ME AND TO ORDER PLAINTIFFS COUNSEL TO PRODUCE THE PROOF OF THE "MECHANISM" THAT PROMPTLY ADDRESSES CONCERNS OF INDIVIDUAL CLASS MEMBERS

AS THE COURT ORDER CALLS FOR.

RESPECTFULLY SUBMITTED,

DATED AUG. 1, 2006.

DAREN MILLER
CLASS PLAINTIFF

EXH. "D"

Supreme Court of the State of California
July 24, 2006
Page 3

Accordingly, hearsay evidence may be admissible in a parole revocation hearing under certain circumstances. (*United States v. Comito* (9th Cir. 1999) 177 F.3d 1166, 1170 [citing *United States v. Walker* (9th Cir. 1997) 117 F.3d 417, 420].) The court must balance certain factors in order to "weigh the [parolee's] interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it." (*Ibid.*) In some instances, the "mere inconvenience or expense" of producing the witness may demonstrate good cause to permit hearsay testimony in the witness's absence, while in other cases "much more will be required." (*Comito, supra,* 177 F.3d at p. 1172.)

This balancing test need not be undertaken, however, if the hearsay evidence is deemed reliable, as it does not prejudice the parolee; instead, its admission constitutes harmless error. (*Walker, supra,* 117 F.3d at pp. 420-421; *Maki, supra,* 39 Cal.3d at p. 715.) "[W]here hearsay bears a substantial guarantee of trustworthiness, the flexible revocation proceeding allows its use." (*Maki, supra,* 39 Cal.3d at p. 715.) Here, the hearsay evidence was deemed reliable because the victim had made the report to two different law enforcement officers and because one of them had reviewed the log of messages. (See Ex. 5.)

While the consideration of domestic violence evidence requires a specific foundation under the Evidence Code in criminal cases, these requirements do not apply to parole revocation proceedings. (*Walker, supra,* 117 F.3d at p. 419.) Thus, the governing regulations under California law provide that "[a]ll evidence relevant to the charges or disposition is admissible in parole postponement, recission and revocation proceedings." (Cal. Code Regs., tit. 15, § 2665.)

Here, Miller does not dispute that the contested evidence was relevant, contending only that it was unreliable hearsay, given the victim's absence, as balanced against his right to confront and cross-examine her. Miller cannot show that this evidence was irrelevant, however, as it formed the basis for the revocation hearing officer's decision to revoke his parole. The decision to consider the officers' testimony was not unduly prejudicial given that the evidence was sufficiently reliable. And because this information was sufficiently reliable, the victim's failure to appear was not unduly prejudicial.

Miller seems to base some of his claims on the requirements set forth in the Stipulated Order for Permanent Injunctive Relief in *Valdivia v. Schwarzenegger* (E.D. Cal. No. S-94-0671 LKK/GGH.) That Order specifically states that "[t]he Court shall retain jurisdiction to enforce the terms of this Order;" furthermore, it provides for the establishment of a mechanism for "promptly addressing concerns raised by Plaintiffs' counsel regarding [class] members and emergencies." (See Ex. 6, Order, at p. 7.) This language makes it clear that the *Valdivia* court, not the California Supreme Court, is the proper venue for Miller to seek relief under the *Valdivia* order.

The purpose of a class-action lawsuit is to avoid multiplicity of actions and the burden of "innumerable appearances by individual plaintiffs . . . upon the class and upon the court."

Case 2:94-cv-00671-KKK-GBH Document 1294 Filed 08/02/2006 Page 7 of 9
Supreme Court of the State of California
July 24, 2006
Page 4

(*Wilson v. San Francisco Fed. Sav. & Loan Assn.* (1976) 62 Cal.App.3d 1, 8.) Judicial economy supports the resolution of Miller's claims in the court already handling the *Valdivia* settlement and its related issues. If Miller wishes to challenge the *Stipulated Order*, he should do so through the federal court's resolution of *Valdivia*, not with a state habeas petition.

### Miller Is Not Eligible for Credits Under Penal Code Section 3057.

Miller's second principle allegation concerns his ineligibility to earn worktime credits to reduce his revocation term. However, under Penal Code section 3057, subdivision (d)(2)(D), "Parolees who were revoked for any reason if they had been granted parole after conviction of any of the offenses specified in subparagraph (C)" are not eligible for these credits. Subparagraph (C) includes Penal Code section 245, subdivision (a)(2). Miller was on parole after having been convicted of that section, and his parole was revoked before he had been discharged on that conviction. (See Ex. 7, Abstracts of Judgments [for three cases for which Miller was on parole at the time of his arrest, including Fresno County Superior Court Case no. F99902660, for which he was convicted of Penal Code § 245, sud. (a)(2)]; see also Ex. 8, Chronological History [see entry dated 03/16/06, showing Miller was not discharged from case no. F99902660 until that date].) Accordingly, Miller is ineligible for worktime credits because of his previous conviction and his previous release on parole after that conviction. (Pen. Code, § 3057, subd. (d)(2)(D); see also Cal. Code Regs., tit. 15, § 2744, subds. (d), (c).)

Sincerely,

P. B. Hooley

PAMELA B. HOOLEY
Deputy Attorney General

For   BILL LOCKYER
Attorney General

PBH:

30143687.wpd

EXH. "E"

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY VALDIVIA, ALFRED YANCY, and HOSSIE WELCH, on their own behalf and on behalf of the class of all persons similarly situated,

    Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, Governor of the State of California, et al.,

    Defendants.

NO. CIV. S-94-671 LKK/GGH

O R D E R

The court is in receipt of putative class member Daren Miller's motion for compliance. There is no provision in the Stipulated Judgment for enforcement by individual class members and the motion is therefore DENIED. The Clerk shall serve a copy of the attached motion on class counsel.

IT IS SO ORDERED.

DATED: March 27, 2006.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

1                 **PROOF OF SERVICE BY UNITED STATES MAIL**

2      (Pursuant to C.C.P. §§ 446, 1013(a)(c) & 2015.5; & 28 U.S.C.S. § 1746(2))

3        I, JACOB EDWARDS, the undersigned, do hereby declare that:

4 I am over the age of eighteen (18) years, a Citizen of the United States, and

5 am / am not a party to the within entitled cause of action. I am currently a

6 resident of California Correctional Center, in Lassen County. My address is:

7 P.O. Box 2210, Susanville, California 96127-2210.

8       I served the following documents: this Proof of Service by United States

9 Mail NOTICE AND MOTION TO ORDER PLAINTIFFS

10 COUNSEL TO COMPLY TO PERMENENT INJUNCTIVE

11 RELIEF. AND (EXHIBITS).

12

13       On the party(s) listed hereunder, by placing either the original(s) or

14 true copy(s) of the aforementioned documents in a sealed envelope with all

15 postage thereon fully pre-paid into the California Correctional Center's Legal

16 Mail Deposit Box, for delivery to the United States Post Office in Susanville

17 California; addressed to the below named person(s) at the following address(es:

18 ATTORNEY GENERAL     ATTN: KRISTEN A. PLUMBO
19 1300 "I" STREET       BINGHAM MC CUTCHEN
20 SAC, CA, 94244         THREE EMBARCADERO CENTER
                              SAN FRAN, CA,
21                               94111-4067

22      This declaration is sworn to under Penalty of Purjury of the Laws of th

23 State of California that the foregoing is true and correct to the best of my

24 knowledge, information and belief. Executed this __9__ day of the month o

25 __AUG__, in the year __2006__, at Susanville, Lassen County, Califor

26

27 __Jacob Edwards__                               __Jacob Edwards__
    Printed Name (Declarant)                     Signature (Declarant)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769