BINGHAM, McCUTCHEN LLP
GEOFFREY HOLTZ – 191370
KRISTEN A. PALUMBO – 215857
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: (415) 393-2000

PRISON LAW OFFICE
DONALD SPECTER – 83925
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN – 096891
HOLLY M. BALDWIN – 191317
ERNEST GALVAN – 196065
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY VALDIVIA, et al.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　Defendants. | No. Civ. S-94-0671 LKK/GGH<br><br>REVISED STIPULATED PROTECTIVE ORDER REGARDING PAROLEE DEFENSE COUNSEL ACCESS TO WITNESS CONTACT INFORMATION AND CERTAIN MENTAL HEALTH INFORMATION |

PDF created with pdfFactory trial version www.pdffactory.com

1 | SUBJECT TO THE APPROVAL OF THIS COURT THE PARTIES HEREBY
2 | STIPULATE TO THE FOLLOWING PROTECTIVE ORDER:
3 |     1.  The Stipulated Order for Permanent Injunctive Relief ("Permanent Injunction")
4 | requires Defendants to appoint counsel to parolees who have been subjected to parole holds
5 | for the process of parole revocation hearings.  The Permanent Injunction also requires that
6 | the parolees' attorneys ("attorneys of record") be provided with all non-confidential reports
7 | and any other documents the state intends to rely upon at the probable cause or final
8 | revocation hearing and access to the non-confidential portion of the parolee's field files.
9 | (Permanent Injunction, ¶¶ 14, 16.) On April 14, 2005, the parties reached an agreement on
10 | some of the procedures to be employed when the state provides parolees' counsel with
11 | access to some materials from parolee files. These procedures were approved by the Court
12 | in an Order dated June 1, 2005 (Docket No. 1217).
13 |     2.  The parties were unable to reach agreement on issues concerning parolee
14 | access to certain mental health information designated as potentially harmful to a patient
15 | under Section 123115 of the California Health and Safety Code.  This dispute was
16 | submitted to the Court for decision.  The Court ruled on August 31, 2005 (Docket No. 1236)
17 | that "parolees' counsel shall receive access to information in their client's parole field files
18 | without any limitations or restrictions on disclosing the information to the parolee based on
19 | perceived risk of harm to the parolee's mental health under Cal. Health & Safety Code §
20 | 123115(b). Defendants, in delivering such material, may note its sensitive character and
21 | urge counsel to use discretion in determining whether to discuss its contents with a client."
22 | (*Id.* at 4:8-15.)  In so ruling, the court stated that it "recognizes defendants' concerns about
23 | the potential harm associated with sharing sensitive material with parolees. The court,
24 | however, assumes that the parolees' lawyers will use discretion in discussing such sensitive
25 | material with their clients."  (*Id*. at 4:1-5.)  The court directed Defendants to the United
26 | States Social Security Administrative Program Operations Manual System.  The Court
27 | stated:  "The SSA policy is helpful in situations posed by defendants' concern. Under the
28 | SSA policy, if the agency is concerned about releasing sensitive medical records, the

PDF created with pdfFactory trial version www.pdffactory.com

1  records are released to a representative of the patient's choosing. The representative is then
2  given the records and is directed to keep in mind the sensitive nature of the records when
3  discussing them with the patient. Similarly, the parolees' lawyers may be instructed to use
4  their discretion in discussing sensitive material with their clients." (*Id.* at 4 n.4)
5       3.   Defendants recognize their obligation to provide a parolee's attorney access to
6  sensitive medical and mental health information including, but not limited to, a parolee's
7  file from the Parole Outpatient Clinic.  Defendants believe that such files may contain
8  sensitive information; such information is subject to this protective order.  Should any such
9  files contain information covered by the Health Insurance Portability and Accountability
10 Act of 1996 (HIPAA), this order shall be deemed a qualified protective order as defined in
11 45 CFR Section 164.512(e)(1)(v).
12       4.   On August 5, 2005, the Court entered a Stipulated Protective Order (Docket
13 No. 1226) governing parolees' counsel's access to witness contact information in parole
14 revocation proceedings.  The August 5, 2005 Stipulation noted that the dispute regarding
15 mental health information was pending decision by the Court, and that the Stipulation would
16 be modified after the Court's decision.  This Stipulation, when and if ordered by the Court
17 supersedes and replaces the August 5, 2005 Stipulated Protective Order.

**A. Sensitive Material**

18
19       5.  In order to comply with the Permanent Injunction, the Due Process Clause of the
20 Fourteenth Amendment of the United States Constitution, *Morrissey v. Brewer*, 408 U.S.
21 471 (1972) and *In re Olson*, 37 Cal.App.3d 783 (1974), and following the April 14, 2005
22 settlement agreement and the Court's August 31, 2005 Order, it is agreed by the parties that
23 the parolees' attorneys of record may have access to the following "sensitive material":
24       a. Any medical or mental health record, including any mental health care record in
25 which a health care provider has determined that there is a substantial risk of significant
26 adverse or detrimental consequences to a parolee/patient in seeing or receiving a copy and
27 concerning which the health care provider has complied with the requirements of Health &
28 Safety Code section 123115(b).

PDF created with pdfFactory trial version www.pdffactory.com

      b. Contact information, including telephone numbers and addresses, of any witnesses or victims in the offense alleged in the parole revocation proceeding who do not declare themselves to be fearful.  The telephone numbers of witnesses or victims who declare themselves to be fearful may be provided as described in Paragraph 11 below.

      6.  In the course of parole revocation proceedings, the Defendants shall disclose the sensitive material only to the parolee's attorney, CalPAP employees, a certified law student supervised by the attorney of record, paralegals working for CalPAP or the parolee's privately retained attorney, law clerks working for CalPAP or the parolee's privately retained attorney or legal secretaries for CalPAP or the parolee's privately retained attorney.

      7.  Persons to whom "contact information," as defined above in Paragraph 5(b), is disclosed shall treat the sensitive material or information as confidential and are prohibited from disclosing the records or information to any other person, including the parolee who is subject to the parole revocation proceedings, except as necessary in the parole revocation or probable cause hearing when the parolee is not present. With regard to this exception, the information or records shall be used only as necessary to represent the parolee in the parole revocation or related proceedings and shall not be used in any other action or for any other purpose.

      8.  Persons to whom sensitive medical or mental health information is disclosed shall be made aware if a health care provider has determined that there is a substantial risk of significant adverse or detrimental consequences to a parolee/patient in seeing or receiving a copy and concerning which the health care provider has complied with the requirements of Health & Safety Code section 123115(b).  Persons to whom such a determination is communicated shall be aware of the sensitive nature of the information when discussing it with the parolee/client, and shall use their professional discretion in determining the level of access to the information that the parolee/client shall receive.  Under the Court's August 31, 2005 Order, however, nothing in this order prohibits or restricts parolees' counsel from disclosing such sensitive mental health information to the parolee.

      9.  Each person to whom disclosure of the sensitive material is made shall, prior to

PDF created with pdfFactory trial version www.pdffactory.com

1  the time of disclosure, be provided a copy of this order and shall agree in writing that they
2  have read this order, understand and agree to be bound by its provisions, and consent to be
3  subject to the jurisdiction of the United States District Court for the Eastern District of
4  California with respect to any proceeding regarding the enforcement of this order, including
5  without limitation, any proceeding for contempt for violating this order.

6     10. The parolee's attorneys of record and their agents shall not make copies of the
7  sensitive material obtained by them except as necessary for purposes of the parolee's
8  revocation proceedings or related proceedings.  The attorneys of record will maintain
9  control over all copies, electronic or otherwise, obtained by them.  Persons who receive
10 medical or mental health care information under this order shall return or destroy the
11 information at the conclusion of the pertinent proceedings.

12     11. For any witness who declares himself or herself "fearful," the only contact
13 information that may be given to the parolee's attorney is a telephone number, as described
14 in the Order dated June 1, 2005 (Docket No. 1217), at Paragraph 7, which states in pertinent
15 part: "For any witness who declare[s] himself or herself to be fearful, defendants shall
16 provide the parolee's attorney with a telephone number but not an address at which the
17 witness can be contacted by the parolee's attorney.  If the witness does not provide
18 Defendants with any contact information, Defendants are not obligated under this paragraph
19 to procure contact information for transmittal to the parolee's attorney." (*Id.* at 1:26-2:2.)
20 A fearful witness may provide an alternative telephone number at which the witness can be
21 contacted by the parolee's attorney, other than the witness's primary home telephone
22 number.  When a witness provides such an alternate telephone number, only that telephone
23 number will be provide to the parolee's attorney.  When no alternate telephone number is
24 provided, the witness's primary telephone number, if known to Defendants, shall be
25 provided to the parolee's attorney.  When contacting any witness or victim, the parolee's
26 //
27 //
28 //

PDF created with pdfFactory trial version www.pdffactory.com

1  attorneys of record and their agents shall identify themselves to the witness or victim as a
2  representative of the parolee.
3  IT IS SO STIPULATED.
4  Dated:  _June 8, 2007                            ROSEN, BIEN & GALVAN, LLP

                                                  By      */s/ Ernest Galvan*
                                                          Ernest Galvan
                                                          Attorneys for Plaintiffs

8  Dated:  _June 8, 2007                            OFFICE of the ATTORNEY GENERAL
                                                    of the STATE OF CALIFORNIA

                                                  By      */s/ Katherine Nelson*
                                                          Katherine Nelson
                                                          Deputy Attorney General

                                                          Attorneys for Defendants

14 IT IS SO ORDERED.
15 Dated: _June 11, 2007

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

PDF created with pdfFactory trial version www.pdffactory.com