UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY VALDIVIA, ALFRED YANCY,
and HOSSIE WELCH, on their own
behalf and on behalf of the class
of all persons similarly situated,

        NO. CIV. S-94-671 LKK/GGH

    Plaintiffs,

  v.                      O R D E R

ARNOLD SCHWARZENEGGER, Governor of
the State of California, et al.,

    Defendants.

_____/

    Plaintiffs bring a motion for an order finding defendants in violation of the Stipulated Order of Permanent Injunction entered in 2003. Specifically, plaintiff argues that the defendants have violated the terms of the injunction by failing to adhere to it when revoking the parole of "Cooperative Parolees."[1]

---

[1] The plaintiffs also assert that the defendants have violated the terms of the permanent injunction by failing to apply it to "Civil Addict Parolees." The court will resolve that portion of the motion after receiving the supplemental briefing requested of the parties.

1

# I. BACKGROUND AND FACTS

In 1994, this Court certified a class of California parolees who brought suit against the Governor and various corrections officials, alleging violations of the plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment. The certified class encompassed "(1) California parolees at large; (2) California parolees in custody, as alleged parole violators, and who are awaiting revocation of their state parole; and (3) California parolees who are in custody, having been found in violation of parole and who have been thereupon sentenced to prison custody." Order entered Dec. 1, 1994.

In 2002, this Court held that California's parole revocation procedures then in place violated the due process rights of the members of the plaintiff class. Valdivia v. Davis, 206 F. Supp. 2d 1968 (E.D. Cal. 2002). Specifically, it was unlawful for the defendants to delay forty-five days or longer in making a probable cause determination, after having taken a parolee into custody for an alleged parole violation. Id. at 1078.

As a remedy, the parties stipulated to a permanent injunction against the defendants in 2003, which imposed several obligations on the defendants. First, defendants must appoint counsel to all parolees at the onset of the Return to Custody Assessment stage of the revocation proceedings. Second, no later than two days after the parolee being taken into custody, the parole agent and unit supervisor must confer to determine whether they believe probable cause exists that the parolee committed a parole violation. Third,

within three business days after being taken into custody, the parolee must be served with notice of the alleged parole violation. Fourth, the parole revocation hearing must be held within thirty-five days of the parolee being taken into custody, unless the parolee waives a revocation hearing. Stipulated Order for Permanent Injunctive Relief, Mar. 9, 2004, ¶ 11. The injunction supplemented these requirements with additional protections of the plaintiffs' due process rights during the revocation process. Id. at ¶¶ 13-24.

In the instant motion, plaintiffs argue that the defendants have violated the permanent injunction by failing to abide by its terms in the revocation of the parole of those parolees who were placed on parole in other states but whose parole is being supervised in California ("Cooperative Parolees").

**II.**

**STANDARD FOR MOTION FOR ORDER FINDING DEFENDANTS' IN VIOLATION OF A PERMANENT INJUNCTION**

When interpreting the parameters of a class, a district court should be guided by the plain language of the class definition. In re. Cement and Concrete Antitrust Litigation, 817 F.2d 1435, 1442-43 (9th Cir. 1987). In other words, the court's approach is the same that it would use when construing the language of a statute or contract. Id. at 1443. The court's interpretation also should be informed by apparent purpose of class certification and the common questions among the class members' claims. Id.

**III. ANALYSIS**

Plaintiffs argue that Cooperative Parolees are included in

the certified plaintiff class and therefore that the terms of this court's order in 2002 and the terms of the 2003 permanent injunction apply to this group. Because defendants have not abided by the terms of the permanent injunction with respect to these parolees, plaintiffs argue that defendants are in violation of it.

Below, the court concludes that parolees sentenced in other states but supervised in California per the Interstate Compact for Adult Offender Supervision are not members of the plaintiff class.

**A.  Structure and Rules of Cooperative Parolee System**

California permits parolees who were convicted and sentenced in other states to serve their parole in California. This arrangement is governed by the Interstate Compact for Adult Offender Supervision. Cal. Penal Code § 11180. The compact is managed by the Interstate Commission for Adult Offender Supervision, which promulgates the rules of the compact. Id. The compact and its rules have the force of law in California. Id.

Under the compact, one state may send a parolee to be supervised in another state. Interstate Comm'n for Adult Offender Supervision ("Comm'n") Rule 3.101, 3.101-2. The state where the parolee was convicted and sentenced is referred to as the "sending state;" the state where the parolee resides is referred to as the "receiving state." Comm'n Rule 1.101. While in the receiving state, the parolee is supervised "in a manner determined by the receiving state" and the supervision should be

consistent with that of similar offenders sentenced in the receiving state. Comm'n Rule 4.101. Courts have held that this rule requires that the receiving state apply its laws, rules, and regulations concerning the supervision of parolees equally among parolees, regardless of whether the parolee was sentenced in California or in another state. See People v. Reed, 23 Cal. App. 4th 135, 143 (1994).

While supervising the out-of-state parolee, the receiving state must send progress reports to the sending state. Comm'n Rule 4.106. If the receiving state believes the parolees has violated the conditions of his parole, the receiving state must notify the sending state, however the receiving state does have the authority to arrest and detain the parolee by virtue of these violations. Comm'n Rule 4.109, 4.109-1. The receiving state may only terminate its supervision of the parolee on the date dictated to it by the sending state. Comm'n Rule 4.112(a)(1).

The sending state has sole discretion to retake the parolee, unless the parolee has been charged with a subsequent criminal offense in the receiving state. Comm'n Rule 5.101(a). If the receiving state reports that the parolee repeatedly has violated the terms of his supervision, the sending state can retake the parolee. Comm'n Rule 5.103. Once the sending state decides to retake the parolee, it has thirty days to do so. Comm'n Rule 5.105.

A parolee is entitled to a probable cause hearing before

being retaken by the sending state for violation of the terms of his supervision. Comm'n Rule 5.108(a). This hearing is to be held in the receiving state and must comply with due process requirements. Id. The parolee must receive written notice of the alleged violation, disclosure of non-privileged and non-confidential evidence regarding his alleged violation, the opportunity to be heard and present witnesses and documentary evidence on his behalf, and the opportunity to confront and cross-examine adverse witnesses. Comm'n Rule 5.108(d). These due process requirements are informed by Gagnon v. Scarpelli, 411 U.S. 778 (1973), and Morrissey v. Brewer, 408 U.S. 471 (1971). Comm'n Rule 5.108.

Within thirty calendar days of the probable cause hearing, the receiving state must submit a report to the sending state describing the hearing. Comm'n Rule 5.108(e). If the hearing officer at the probable cause hearing determines that there is sufficient cause to believe the parolee has violated the conditions of his parole, the receiving state should hold the parolee in custody. Comm'n Rule 5.108(f). Within thirty days of receiving the hearing officer's report, the sending state must notify the receiving state of what action it will take, which may include retaking the parolee. Comm'n Rule 5.108(f). If the hearing officer decides there is no probable cause to believe the parolee has committed a violation, then the receiving state must release the parolee from custody and continue its supervision of him. Comm'n Rule 5.108(g).

**B.   Cooperative Parolees' Exclusion from the Plaintiff Class**

The relationship between the sending and receiving states makes clear that the sending state retains jurisdiction to revoke parole. See Comm'n Rule 5.101(a), 5.103, 5,108(f). In its advisory opinion number 2-2005, the Interstate Commission for Adult Offender Supervision described the receiving state as the agent of the sending state, and that characterization seems apt. See Comm'n Rule 4.106; see also State v. Hill, 334 N.W.2d 746 (Iowa 1983). The receiving state reports the parolee's progress to the sending state, can only terminate supervision on the date authorized by the sending state, and has no authority to determine what recourse to take if the parolee is believed to have committed a parole violation. See Comm'n Rules 4.106, 4.109(a), 4.112, 5.101(a), 5.103(a). Therefore, although the receiving state has authority to supervise the out-of-state parolee and must do so in a manner consistent with the supervision of those sentenced in state, this supervision responsibility does not mean the receiving state has been granted the authority to terminate or revoke the out-of-state parolee's parole. Cf. Comm'n Rule 1.101 (defining "supervision").

Given this, out-of-state parolees supervised in California cannot be included in the plaintiff class. The 2003 Permanent Injunction imposes requirements on the defendants for the parole revocation hearing. See Stipulated Order for Permanent Injunctive Relief, Mar. 9, 2004, ¶¶ 11(b)(iv), 20, 23; see also

¶¶ 13, 17, 18 (requirements that apply to all stages of the revocation process, including the revocation hearing). Under the Interstate Compact, California does not have the jurisdiction to revoke the parole of out-of-state parolees. Therefore, although these parolees' liberty interest may be the same as that of the plaintiff class, the due process violations -- if any -- committed by the defendants and subsequent remedy will necessarily be different. See In re. Cement, 817 F.2d at 1442-43.

Consequently, out-of-state parolees supervised in California per the Interstate Compact are not members of the plaintiff class.

### IV. CONCLUSION

The plaintiffs' motion for finding the defendants in violation of the permanent injunction is DENIED in part.

IT IS SO ORDERED.

DATED: September 27, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT