UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,

        Plaintiff,

   v.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.

                                /

JERRY VALDIVIA, et al.,

        Plaintiffs,

   v.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.

                                /

NO. Civ. S-90-520 LKK/JFM

NO. Civ. S-94-671 LKK GGH

ORDER

    The Motion For Injunctive Relief Requiring Timely Access To Inpatient Psychiatric Hospitalization, brought jointly by the plaintiff classes in <u>Valdivia v. Schwarzenegger</u> and <u>Coleman v. Schwarzenegger</u>, came on regularly for hearing before this Court on July 25, 2008, at 10:00 a.m.  The Court, having considered

1

the arguments and briefs of the parties, and the entire record in the cases <u>Coleman v. Schwarzenegger</u> and <u>Valdivia v. Schwarzenegger</u>, and good cause appearing, hereby makes the following Findings of Fact and Conclusions of Law, and issues the following Order.

**FINDINGS OF FACT & CONCLUSIONS OF LAW**

1.   Timely access to psychiatric hospitalization is a crucial part of the provision of constitutionally adequate mental health care to persons incarcerated in the Department of Corrections and Rehabilitation (CDCR).  <u>See</u> <u>Coleman v. Wilson</u>, 912 F. Supp. 1282, 1308 (E.D. Cal 1995).

2.   The court has previously ordered in the <u>Valdivia</u> case that the defendants provide due process to parolees who seem too mentally ill to participate in parole revocation proceedings. <u>See</u> Order, January 1, 2008. The <u>Valdivia</u> Remedial Plan also encourages use of alternative sanctions in lieu of retaking the parolee into custody. <u>See</u> <u>Valdivia</u> Remedial Plan, March 9, 2004, at 1-2.  This Court also has previously entered numerous orders to ensure such timely access to psychiatric hospitalization as part of the overall remedy in the <u>Coleman</u> case.[1]

---

[1] <u>See</u>, e.g., 5/22/98 Stipulation and Order [Docket 945] (SVPP facility); 7/26/99 Order ¶ 9 [Docket 1055] (requiring a plan "for expediting the transfers of seriously mentally disordered inmates to programs with the level of care to which they have been referred."); 8/28/00 Order ¶ 1 [Docket 1195] (ordering implementation of Report recommendations by *Coleman* expert, Dr. Koson on improving access to inpatient beds); 4/4/01 Order [Docket 1262] (adopting timelines for transfers to higher levels of care); 6/27/01 Order ¶ 4 ("On or before July 6, 2001, defendants shall submit … the Department of Mental Health inpatient bed usage study and needs assessment,"); 3/4/02, 5/7/02, 10/8/02 and 1/19/04 Orders

1        3.   Timely access to the appropriate levels of mental health care, including the highest levels of care in an inpatient hospital setting, is also critical to ensuring the due process rights of persons confined by CDCR by virtue of an accusation of parole violation.  The rights of such persons to notice and an opportunity to be heard under the Constitution and under the <u>Valdivia</u> Permanent Injunction are not appropriately protected when such persons are denied necessary mental health treatment.

         4.   Plaintiffs have demonstrated that Defendants in both cases have been pursuing and continue to pursue a statewide systemic policy of denying inpatient hospitalization to parolees confined by CDCR during the period before their parole violation hearings are complete, and to all inmates during the period within 35 days of a release on parole.

         5.   The above-described policy of denying inpatient

---

(all addressing defendants' inpatient bed studies); 7/9/04 Order [Docket 1594] (setting a deadline by which defendants "with the assistance of the special master's expert(s), shall complete the design for and submit to the special master a plan for the execution of an unmet inpatient bed needs study."); 3/3/06 Order [Docket 1773] (approving the January 2006 Revised Program Guide, including Chapter 6 requiring the provision of inpatient services to patients housed in CDCR prisons.); 5/2/06 Order (addressing aspects of the April 17, 2006 plan for the provision of acute and intermediate beds and MHCBs for all male and females housed within CDCR.); 6/28/06 Order [Docket 1855] (joining DMH as defendant); 2/7/07 Order [Docket 2134] (pay for DMH clinicians.); 3/12/07 Order [Docket 2158] (referrals and transfers to DMH programs); 5/23/07 Order [Docket 2237] (pay parity for all DMH clinicians providing care to CDCR class members); 6/28/07 Order [Docket 2301] (DMH clinician pay, and ASH beds); 8/2/07 Order [Docket 2386] (interim reports on ASH admissions); and 10/18/07 Order [Docket 2461] (treatment and counseling space for the inpatient programs at SVSP and CMF.)

3

1 hospitalization to parolees' awaiting revocation is contrary to
2 the Orders in the Valdivia case, which have required the
3 defendants to treat plaintiffs' mental illnesses so as to permit
4 their participation in prompt revocation hearings. The policy
5 also is contrary to the Revised Program Guide which the Court
6 ordered to be implemented on March 3, 2006, see Coleman Docket
7 No. 1773, which indicates that access to inpatient mental health
8 treatment shall be determined by an individual's need, not
9 release date. That requirement is consistent with the remedies
10 ordered in Coleman to bring mental health care up to
11 Constitutional levels.
12    6.   Patients' due process rights to a Vitek hearing prior
13 to being placed in an inpatient psychiatric program are already
14 protected by the Coleman Revised Program Guide, and present no
15 obstacle to securing the necessary Level of Care for the Coleman
16 and Valdivia class members at issue in this motion.
17    7.   The Special Masters in Coleman and Valdivia have
18 attempted to resolve this issue informally without success.

**ORDER**

20  Accordingly, the court ORDERS the defendants as follows:
21  1.   Whenever a parole agent places a parolee in his custody
22       and finds the parolee may pose a danger to himself or
23       others by virtue of his mental condition, the parole
24       agent SHALL directly take the parolee to the nearest
25       community hospital for immediate psychiatric evaluation
26       pursuant to California Welfare & Institutions Code §

4

1      5150.

2. Parolees who are in the custody of CDCR whose parole has not been revoked SHALL be deemed "inmates" for the purpose of their evaluation and referral for services under the Coleman Program Guide. These individuals shall not be denied treatment on the basis of their status as pre-revocation parolees. The criteria for admission to inpatient psychiatric treatment described in the Coleman Program Guide shall be the defendants' exclusive criteria in determining inmates' access to treatment.

3. All inmates, including those pre-revocation parolees deemed inmates by virtue of this order, SHALL have full access to DMH inpatient treatment irrespective of their release date.

4. When a Valdivia class member has been returned to custody on the allegation of the violation of his parole and where the parolee appears, in the judgment of his attorney or defendants' staff, too mentally ill to participate in revocation proceedings, the revocation hearing may be suspended pending the parolee's receipt of treatment to restore his competency, or the parolee's wait for such treatment.

IT IS SO ORDERED.

August 7, 2008

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT