UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY VALDIVIA, ALFRED YANCY,
and HOSSIE WELCH, on their own
behalf and on behalf of the class
of all persons similarly situated,

        NO. CIV. S-94-671 LKK/GGH

    Plaintiffs,

  v.                        O R D E R

ARNOLD SCHWARZENEGGER, Governor of
the State of California, et al.,

    Defendants.
                                          /

    The Special Master in this case has submitted the seventh report on the status of conditions of the remedial order. The Special Master recommended that the court issue certain orders, as specified in the attached tentative order. The court hereby grants the parties twenty (20) days to object to these recommendations. If objections are filed, the other party shall file an opposition or statement of non-opposition within fifteen (15) days, and a reply may be filed within ten (10) days thereafter. The court will set a hearing on any objections if

1

it determines that one will be necessary.  If no objections are filed, the court will adopt the following order.

IT IS SO ORDERED.

DATED: November 10, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

**Tentative Order**

The court hereby finds that defendants are substantially in compliance with the following requirements of the Permanent Injunction, entered March 8, 2004 (Doc. No. 1034) and Remedial Sanctions Order, entered April 4, 2007 (Doc. No. 1323).

**Permanent Injunction Requirements**

- Return to Custody Assessment (except for Los Angeles County Jail Decentralized Unit)
- Revocation hearings within 50 miles of the alleged violation
- Parolee defense counsel shall have access to non-confidential portions of the field file

**Remedial Sanctions Order Requirements**

- Policies and procedures regarding the requirements of the April 2007 remedial sanctions order
- Expanding jail and community based ICDTP
- Determining availability of ICDTP
- Electronic in-home detention
- Training about the remedial sanctions requirements of the

1     April 2007 remedial sanctions order

2 • Dedication of 50% of certain programs as Interim Remedial Sanctions under the April 2007 remedial sanctions order

3

4 • Sharing information with parolee defense counsel regarding the provisions of the April 2007 remedial sanctions order

5 • Reporting on the development of the Parole Violation Decision-Making Instrument

6

7     As a result of this substantial compliance, the above

8 requirements are no longer subject to external monitoring.

9 Except interim remedial sanctions, sharing information with

10 defense counsel, and reporting on the development of the Parole

11 Violation Decision-Making Instrument, defendants shall report

12 the status of these requirements to all parties every six

13 months. These reports may be incorporated in the Defendants'

14 Compliance Reports.

15     As explained by the Special Master, information about the

16 above requirements remains relevant to overall monitoring and

17 compliance to the extent they arise in the course of

18 investigating an individual parolee's situation, or in assessing

19 whether staff considered remedial sanctions or articulated the

20 basis for hearing findings.