1

2

3

4

5

6

7                     UNITED STATES DISTRICT COURT

8                     EASTERN DISTRICT OF CALIFORNIA

9

10   JERRY VALDIVIA, ALFRED YANCY,
     and HOSSIE WELCH, on their own
11   behalf and on behalf of the class
     of all persons similarly situated,
12                                              NO. CIV. S-94-671 LKK/GGH
              Plaintiffs,
13
        v.                                      O R D E R
14
     ARNOLD SCHWARZENEGGER, Governor of
15   the State of California, et al.,

16            Defendants.
     _____/
17

18        On November 12, 2009, the court indicated its intent to

19   adopt the special master's recommendations as contained in his

20   seventh report.  The parties were given twenty days to object,

21   with fifteen days to file a response, and ten days to file a

22   reply.  Plaintiffs filed objections, which defendants opposed.

23   The time for filing a reply has expired.  Defendants did not

24   file any independent objections to the tentative order.  Having

25   considered plaintiffs' objections and defendants' response, the

26   court finds plaintiffs' proposed modifications appropriate.

                                  1

1    Accordingly, the court hereby finds that defendants are

2  substantially in compliance with the following requirements of

3  the Permanent Injunction, entered March 8, 2004 (Doc. No. 1034)

4  and Remedial Sanctions Order, entered April 4, 2007 (Doc. No.

5  1323).

6  **Permanent Injunction Requirements**

7  • Return to Custody Assessment (except for Los Angeles County
8    Jail Decentralized Unit)

9  • Revocation hearings within 50 miles of the alleged
     violation

10 • Parolee defense counsel shall have access to
11   non-confidential portions of the field file

12 **Remedial Sanctions Order Requirements**

13 • Policies and procedures regarding the requirements of the
     April 2007 remedial sanctions order

14 • Expanding jail and community based ICDTP

15 • Determining availability of ICDTP

16 • Electronic in-home detention

17 • Training about the remedial sanctions requirements of the
18   April 2007 remedial sanctions order

19 • Dedication of 50% of certain programs as Interim Remedial
     Sanctions under the April 2007 remedial sanctions order

20 • Sharing information with parolee defense counsel regarding
21   the provisions of the April 2007 remedial sanctions order

22 • Reporting on the development of the Parole Violation
     Decision-Making Instrument

23

24    As a result of this substantial compliance, the above

25 requirements will no longer be a primary focus of Plaintiffs' or

26 the Special Master's monitoring unless and until it comes to

1   their attention that there has been a significant decline in

2   compliance.  Except interim remedial sanctions, sharing

3   information with defense counsel, and reporting on the

4   development of the Parole Violation Decision-Making Instrument,

5   defendants shall report the status of these requirements to all

6   parties every six months. These reports may be incorporated in

7   the Defendants' Compliance Reports.

8        As explained by the Special Master, information about the

9   above requirements remains relevant to overall monitoring and

10  compliance to the extent they arise in the course of

11  investigating an individual parolee's situation, or in assessing

12  whether staff considered remedial sanctions or articulated the

13  basis for hearing findings.

14       While Defendants have met the Remedial Sanctions Order's

15  goal of establishing 1,800 ICDTP beds, information about the

16  number and availability of ICDTP placements remains relevant to

17  overall monitoring compliance with the Permanent Injunction's

18  remedial sanctions requirement.

19       IT IS SO ORDERED.

20       DATED: January 8, 2010.



23                         LAWRENCE K. KARLTON
24                         SENIOR JUDGE
                           UNITED STATES DISTRICT COURT