UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY VALDIVIA, ALFRED YANCY,
and HOSSIE WELCH, on their own
behalf and on behalf of the class
of all persons similarly situated,

        NO. CIV. S-94-671 LKK/GGH

    Plaintiffs,

  v.                        O R D E R

ARNOLD SCHWARZENEGGER, Governor of
the State of California, et al.,

    Defendants.
                                    /

    On December 2, 2010, the court set a briefing schedule for the parties' cross-motions following remand. In these motions, the parties will seek to either modify the permanent injunction or to enforce the injunction. Upon further reflection, the court finds that a separate hearing shall be held prior to resolution of these motions in which the court shall determine the standard to apply for the cross-motions. In order to allow for this separate hearing, the court continues the briefing schedule on the cross-motions following remand.

1

1     The court, therefore, orders that the parties brief and
2 argue how the court should reconcile the Ninth Circuit's holding
3 that, "[U]nless a state law is found to violate a federal law,
4 or unless the Injunction is found necessary to remedy a
5 constitutional violation, federalism principles require the
6 reconciliation of the state law and federal injunctions,"
7 <u>Valdivia v. Schwarzenegger</u>, 599 F.3d 984, 995 (2010) (internal
8 citations omitted), with the Supreme Court's finding that, "[W]e
9 have no doubt that, to save themselves the time, expense, and
10 inevitable risk of litigation, petitioners could settle [a]
11 dispute over the proper remedy for the constitutional violations
12 that had been found by undertaking to do more than the
13 Constitution itself requires . . . , but also more than a court
14 would have ordered absent the settlement," <u>Rufo v. Inmates of</u>
15 <u>Suffolk County Jail</u>, 520 U.S. 367, 389 (1992) (internal
16 citations omitted). The court further instructs the parties to
17 brief and be prepared to discuss how to reconcile the Supreme
18 Court's ruling in <u>Rufo</u> that modification of a settlement is only
19 proper when there is a change in factual circumstances or
20 federal law, as the court explained in its March 2009 order,
21 with the Ninth Circuit's finding that a change in state law may
22 allow modification of a settlement.
23     For the foregoing reasons the court HEREBY ORDERS as
24 follows:
25     (1)  Plaintiffs SHALL FILE an opening brief on or before
26         January 18, 2011.

2

1    (2)   Defendants SHALL FILE a responsive brief on or before
2           February 1, 2011.
3    (3)   Plaintiffs MAY FILE a reply brief on or before
4           February 8, 2011.
5    (4)   Defendants MAY FILE a sur-reply brief on or before
6           February 15, 2011.
7    (5)   This question SHALL BE HEARD on March 1, 2011 at 1:30
8           p.m.

The court FURTHER ORDERS that the briefing and hearing on the cross-motions following remand is amended as follows:

    (1)   Defendants SHALL FILE a Motion Following Remand to Enforce Penal Code § 3044 and to Modify the Permanent Injunction on or before March 25, 2011.

    (2)   Plaintiffs SHALL FILE a Motion Following Remand to Enforce the Injunction on or before March 25, 2011.

    (3)   Opposition briefs to these motions SHALL BE FILED on or before April 27, 2011.

    (4)   Reply briefs MAY BE FILED on or before May 12, 2011.

    (5)   The motions SHALL BE HEARD on June 3, 2011 at 10:00 a.m.

    (6)   Parties may request discovery on or before April 12, 2011. Such requests will be treated in a similar manner to requests for discovery in the summary judgment context. If the Court grants a request for discovery, the briefing schedule will be modified.

////

1    IT IS SO ORDERED.

2    DATED: December 15, 2010.

                                    /s/ Lawrence K. Karlton
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT

4