1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10  JERRY VALDIVIA, ALFRED YANCY,
    and HOSSIE WELCH, on their own
11  behalf and on behalf of the class
    of all persons similarly situated,
12                                          NO. CIV. S-94-671 LKK/GGH
             Plaintiffs,
13
        v.                                  O R D E R
14
    EDMUND G. BROWN, JR., Governor of
15  the State of California, et al.,

16           Defendants.
                                        /
17

18       On August 31, 2011, plaintiffs filed a Notice of Request to

19  Seal Documents, ECF No. 1687. In the request, plaintiffs request

20  that the following documents be filed under seal: Declaration of

21  Ernest Galvan In Support of Plaintiffs' Motion to Enforce

22  Injunction and Prohibit Implementation of § 5.3 of Proposition 9

23  and the accompanying Exhibits A-G, which consist of CDCR forms

24  pertaining to the identification of individual parolees'

25  disabilities and effective communications needs and

26  accommodations provided to parolees in the revocation process.

                                   1

1  Plaintiffs contend that the documents include confidential

2  information identifying inmates. Plaintiffs have concurrently

3  filed redacted copies of the documents.

4      When a party seeks to seal a document that is part of the

5  judicial record, it must show "compelling reasons" for doing so.

6  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir.

7  2010). See also Kamakana v. City & County of Honolulu, 447 F.3d

8  1172, 1178 (9th Cir. 2006); Foltz v. State Farm Mut. Auto. Ins.

9  Co., 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to

10  seal judicial records must show that 'compelling reasons

11  supported by specific factual findings . . . outweigh the

12  general history of access and the public policies favoring

13  disclosure.'" Pintos, id. (quoting Kamakana, 447 F.3d at 1178).

14      A lower, 'good cause' standard is applied when a party

15  seeks to seal non-dispositive motions and discovery documents

16  attached to them. "The public's interest in accessing

17  dispositive materials does not apply with equal force to non-

18  dispositive materials. In light of the weaker public interest in

19  non-dispositive materials, we apply the 'good cause' standard

20  when parties wish to keep them under seal." Pintos, 605 F.3d at

21  678. redacted copies of the documents.

22      For the foregoing reasons, the Court tentatively GRANTS

23  plaintiffs' application. Plaintiffs are cautioned, however, that

24  this sealing is tentative. Kamakana, 447 F.3d at 1186. The court

25  will revisit whether these documents should be permanently

26  sealed at a later time, when it is possible to perform the fact

2

1 | specific analysis required by Foltz.

2 |       IT IS SO ORDERED.

3 |       DATED: September 7, 2011.

4 |

5 |

6 | _____
   | LAWRENCE K. KARLTON

7 | SENIOR JUDGE
   | UNITED STATES DISTRICT COURT

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

3