UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY VALDIVIA, ALFRED YANCY, and HOSSIE WELCH, on their own behalf and on behalf of the class of all persons similarly situated,

      Plaintiffs,

  v.

EDMUND G. BROWN, JR., Governor of the State of California, et al.,

      Defendants.
_____/

NO. CIV. S-94-671 LKK/GGH

L.H., A.Z., D.K., and D.R., on behalf of themselves and all other similarly situated juvenile parolees in California,

      Plaintiffs,

  v.

EDMUND G. BROWN, JR., Governor of the State of California, et al.,

      Defendants.
_____/

NO. CIV. S-06-2042 LKK/GGH

O R D E R

    L.H. v. Brown and Valdivia v. Brown are two class actions brought under 42 U.S.C. § 1983 and § 1343 for violations of the Due

1

Process Clause of the Fourteenth Amendment by California parolees against the Governor. Valdivia was filed by adult parolees and L.H. by juvenile parolees. Pending before the court is a motion by plaintiffs to compel defendants to pay plaintiffs' counsel's rate for work already performed in 2010. For the reasons stated below, plaintiff's motion is GRANTED.

## I. Procedural Background

Plaintiffs have prevailed in both cases, obtaining a stipulated order for permanent injunctive relief. Valdivia Permanent Injunctive Relief Order, March 9, 2004, ECF No. 1034. Pursuant to an order issued by this court on July 8, 2004, ECF No. 1087, plaintiffs' counsel submit quarterly statements to defendants' counsel for fees and costs incurred in obtaining and monitoring compliance with the March 9, 2004 Injunction. The order requires plaintiffs' counsel to identify the billing rates sought by plaintiffs' counsel for that year. Defendants then have thirty days in which to object to the fees sought. Plaintiffs are to file a yearly motion to compel payment of any disputed items that remain after a meet and confer period. If an unusually large number of hours, or a significant issue is in dispute, plaintiffs may bring a quarterly motion to compel fees.

Plaintiffs brought such a motion on May 17, 2011. The parties are currently unable to agree on the appropriate rates to be charged for work performed in 2010.

The original hearing date on plaintiffs' motion was vacated, and a decision on the motion was stayed pending a decision in

Armstrong v. Brown, in the Northern District of California on a similar motion by the same attorneys. ECF No. 641. A decision in that case was rendered on July 8, 2011, and plaintiffs re-noticed their motion with this court.

## II. Standard

The Supreme Court has adopted a two-pronged approach to the calculation of a reasonable attorneys' fees under any statute that permits recovery of attorneys' fees. See Hensley, 461 U.S. 424, 433 n. 7 ("The standards set forth in this [§ 1988] opinion are generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party."); Fadhl v. City and County of San Francisco, 859 F.2d 649, 650 n. 1 (9th Cir. 1988). A court must first calculate a lodestar figure by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Blum v. Stenson, 465 U.S. 886, 888 (1984); Cunningham v. County of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988), cert. denied, 493 U.S. 1035 (1990). While this lodestar figure is presumed to represent an appropriate fee, under certain circumstances a court may adjust the award upward or downward to take into account special factors. Blum, 465 U.S. at 897.

The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008). The opposing party then has the "burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the facts asserted by the

3

prevailing party in its submitted affidavits." Id.

### III. Analysis

In an order issued on March 6, 2009, this court agreed with plaintiffs that the "relevant legal community" for the purpose of calculating plaintiffs' counsel's rates is the San Francisco Bay Area, rather than Sacramento. The court found plaintiffs' tendered evidence to be persuasive that there were no Sacramento firms experienced and capable enough, and willing to undertake the case. March 6, 2009 Order in L.H., ECF No. 530. The court approved rates ranging from $295 per hour to $640 per hour for work performed in 2008. ECF No. 530. During the first quarter of 2009, plaintiffs' counsel agreed to accept the 2008 rates for work performed in 2009.

Plaintiff's current motion seeks an order from this court compelling defendants to pay rates for work performed in 2010 ranging from $275 to $800 for attorneys with Rosen, Bien, and Galvan; Bingham McCutcheon; Prison Law office; and Youth Law Center. See Bien Decl., Ex. 33, 34. Plaintiffs assert that the rates are reasonable and consistent with the "prevailing rates in [the Bay] Area for attorneys with similar levels of experience performing work of similar complexity." Bien Decl. 31, ECF No. 618. Further, according to plaintiffs, the overall rate increases are modest, especially since "the rate for each individual time-keeper usually increases each year, as the individual becomes more experienced." Id.[1] Plaintiffs have submitted declarations from

---

[1] Whether such customary practice obtains in this era of economic downturn is at least questionable, defendant, however, has

4

attorneys explaining their background and qualifications with respect to this case. The declarations further describe how each of the firms representing plaintiffs in this case arrived at their 2010 billing rates. Defendants do not dispute that the rates themselves in line with the prevailing market rates in the Bay Area.

Defendants argue that plaintiffs' requested fees for work performed in 2010 represent an unreasonable increase over the 2008 rates. By defendants' calculations, the rate of increase from 2008 to 2010 ranges from 16% (for Prison Law Office attorneys) to 50% (for Bingham McCutcheon attorneys). Defendants argue that the increases are unreasonable, given the economic realities of the local legal market, as well as the state's "unprecedented budget problems arising out of a protracted recession affecting the entire country." Defs.' Opp'n 1, ECF No. 636.

Despite defendants' citation of district court cases from other circuits, in the Ninth Circuit it is not appropriate for a district court judge to disallow particular rate *increases*, when the rates themselves are reasonable. "'Holding the line' on fees at a certain level goes well beyond the discretion of the district court." Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008). A holding-the-line policy "is inconsistent with the methodology for awarding fees that the Supreme Court and our court has adopted. . . If the lodestar leads to an hourly rate that is

---

tendered no evidence on this matter.

1 higher than past practice, the court must award that rate without
2 regard to any contrary practice." Id.
3   Moreover, the Ninth Circuit has "held that the court has
4 discretion to apply the rates in effect at the time the work was
5 performed," but that it is "an abuse of discretion. . . to apply
6 market rates in effect more than two years before the work was
7 performed." Bell v. Clackamas County, 341 F.3d 858, 868 (9th Cir.
8 2003).
9   Citizens for Better Forestry v. USDA, 2010 U.S. Dist. LEXIS
10 92415 (N.D. Cal. 2010)(Wilken), is easily distinguished from the
11 instant case, since it "concerned a fee request under the Equal
12 Access to Justice Act, which contains an explicit provision
13 limiting hourly rates to $125 per hour unless 'an increase in the
14 cost of living or a special factor, such as the limited
15 availability of qualified attorneys for the proceedings involved,
16 justifies a higher fee." Armstrong v. Brown, No. C 9402307 (N.D.
17 Cal. 2011)(Wilken)(internal citations omitted). Here, there is no
18 such restriction. Indeed, Judge Wilken, sitting in the Northern
19 District of California, approved these very fees.
20   The court concludes that by submitting declarations that
21 establish that the rates requested are in line with prevailing
22 rates charged by other San Francisco Bay Area attorneys of
23 comparable experience working on similarly complex cases,
24 plaintiffs have met their burden of establishing the reasonableness
25
26

1  of the rates requested.[2] Defendants have not rebutted the
2  reasonableness of the rates, nor the reasonableness of the hours
3  spent. Accordingly, plaintiffs' motion to compel fees, ECF No. 617
4  is GRANTED.
5      IT IS SO ORDERED.
6      DATED: September 13, 2011.

```
                              /s/ Lawrence K. Karlton
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```

---

[2] The court notes that the rates considered "reasonable" among lawyers seems quite remarkable, nevertheless, "reasonableness" is measured by the prevailing rate and no contrary evidence has been tendered on that issue.

7