IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY VALDIVIA, et al.,

      Plaintiffs,                    No. CIV S-94-0671 LKK GGH

    vs.

EDMUND G. BROWN, et al.,

      Defendants.              <u>Memorandum of Decision</u>

_____/

        On October 13, 2011, the undersigned issued a summary order denying plaintiffs' request to order employees of the non-party County of Placer and County of Sacramento to submit to informal interviews during an otherwise appropriate, and unopposed inspection request. The inspections had to do with parole hearings of class members, in this long running litigation between the class members and CDCR, conducted at the County facilities. Due to the stated urgency of obtaining an expedited decision for an upcoming inspection, the undersigned did not have time to fully state his reasons for denying the motion in writing. The undersigned therefore files this memorandum of decision at this time.

        At hearing both parties represented that the County of Placer and County of Sacramento employees were non-parties. Thus, prior orders in this case, related to the *partie*s undergoing informal interviews, were not applicable. No argument was made to the contrary.

1       There is no doubt that under Rule 45, "a nonparty may be compelled to produce
2 documents and tangible things or to permit an inspection." Fed. R. Civ. Rules 34(c) &
3 45(a)(1)(A)(iii); <u>Leader Technologies, Inc. v. Facebook, Inc</u>, 2010 WL 761296 *1 (N.D. Cal.
4 2010); <u>Davis v. Calvin</u>, 2008 WL 4829916 * 1 (E.D. Cal. 2008)( "[u]nder Federal Rule of Civil
5 Procedure 45(a)(2)(C), a subpoena may direct a nonparty to an action to produce documents or
6 other tangible objects for inspection."). While Rules 34 and 45 are therefore co-extensive for the
7 most part in allowing the same scope of discovery for parties and non-parties[1], the Rules are not
8 identical. Concerning the ability of a court to order informal interviews along with an inspection,
9 the Rules are quite different.

10       Rule 34 is silent with respect to the court's ability to order a *party's* employees to
11 submit to informal interviews as part of the "reasonable time, place, and manner for the
12 inspection." Rule 34 (b)(1)(B). Therefore, some courts have permitted informal interviews as
13 part of the inspection process. <u>See</u> e.g., <u>New York State Association for Retarded Children v.
14 Casey</u>, 706 F.2d 956, 960–61 (2d Cir.1983) (concluding that district court did not abuse its
15 discretion by permitting plaintiffs' counsel, consultants, and experts to inspect state facility for
16 mentally retarded children and "to take photographs, make observations, take notes, and form
17 conclusions and interview any class member, staff member, or employee desired outside the
18 presence of defendants, their counsel, and representatives.") However, Rule 45 is very express
19 and specific about the requirements which may be imposed on non-parties, including the
20 employees of the non-party:
21 \\\\

---

[1] See, e.g., <u>Gonzales v. Google, Inc.</u>, 234 F.R.D. 674, 679 (N.D. Cal. 2006) ("The Advisory Committee Notes to the 1970 Amendment to Rule 45 state that the 'scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules"); <u>Leader Technologies, Inc. v. Facebook, Inc</u>, 2010 WL 761296 at*1 (scope of discovery through Rule 45 subpoena equivalent to Rule 34, citing 1970 advisory committee note); <u>Carnegie Mellon University v. Marvell Technology</u>, 2011 WL 2135103 *1 (N.D. Cal. 2011)("[t]he scope of discovery through a Fed.R.Civ.P. 45 subpoena is the same as that applicable to Fed.R.Civ.P. 34 and the other discovery rules," citing 1970 advisory committee note to Rule 45).

>   (2) *Command to Produce Materials or Permit Inspection.*
>   (A) *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, <u>or to permit the inspection of premises</u>, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

Rule 45(c)(2)(A) (italics in original and underlining added)

Thus, unlike the silent Rule 34, the court cannot compel, pursuant to Rule 45, the appearance of individuals associated with a non-party whose premises are being inspected pursuant to Rule 45 except in a situation where also subpoenaed for a *deposition*.[2] While it might be appropriate for a judicial gloss to fill in a silent rule on the issue of informal interviews, like Rule 34, it is not appropriate for the court to add provisions which a rule expressly does not permit. This is especially true when the only basis for the court's jurisdiction over a non-party is Rule 45 itself. If the Rule makers had desired Rule 45 to allow for other than formal discovery, they would have so provided since the issue of a non-party's obligations during inspections was expressly referenced in the Rule.

   Moreover, there exists persuasive authority, albeit not federal, which supports the common sense behind the drafters' requirements.[3] In a case where defendants advanced, inter alia, cost-savings and greater efficiency as a rationale for being permitted ex parte informal interviews with (non-party) treating physicians in a wrongful death suit, the Washington Supreme Court held that *"ex parte* interviews should be prohibited as a matter of public policy," noting physician-patient privilege and the danger of the "disclosure of irrelevant, privileged medical information." <u>Loudon v. Mhyre</u>, 110 Wash.2d 675, 677-678, 756 P.2d 138 (Wash.

\\\\

\\\\

---

[2] Hearings or trial would not be applicable to an inspection of premises.

[3] The undersigned can find little authority, and no federal authority, that actually does speak to the issue of compelling non-parties to submit to informal interviews, as the premise that there is such authorization under Rule 45 is apparently enough of an anomaly to make authority on the subject quite sparse.

1988) (burden of formal discovery outweighed by "problems inherent in *ex parte* contact.").[4] In a 2010 case, the Washington Supreme Court affirmed that in Loudon it had determined that a waiver of physician-patient privilege by plaintiff did not authorize ex parte contact between counsel for the defense and plaintiff's nonparty treating physician and expanded the rule to prohibit ex parte contact even through counsel for the nonparty treating physician. Smith v. Orthopedics Intern., Ltd., P.S., 170 Wash.2d 659, 665, 668. 244 P.3d 939 (Wash. 2010). Analogously, informal contact by a party's experts with an (unequivocally conceded) non-party's staff could implicate the non-party's attorney-client privilege.

Accordingly, there is neither language in Rule 45 itself, nor authority in the case law, that gives this court jurisdiction to compel an unwilling *non-party* to subject its personnel to informal interviews with a party's expert pursuant to a subpoenaed inspection of its premises or operations.

DATED: November 9, 2011

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
vald0671.mem

---

[4] Even in the cases, cited in Loudon (in rejecting such reasoning), where informal contact was permitted or encouraged with such non-party physicians, it is not compelled. See, e.g., Green v. Bloodsworth, 501 A.2d 1257, 1259 (Del. Super. 1985)("[p]hysicians can limit or refuse contact with defense counsel as they choose until compelled to testify under the Rules of Civil Procedure"); id. ("[t]he order is not to be interpreted as requiring a doctor to confer with the defendant's representatives prior to the implementation of formal discovery devices compelling such disclosure").