UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY VALDIVIA, ALFRED YANCY,
and HOSSIE WELCH, on their own
behalf and on behalf of the class
of all persons similarly situated,

        Plaintiffs,

  v.

EDMUND G. BROWN, JR., Governor of
the State of California, et al.,

        Defendants.
_____/

NO. CIV. S-94-671 LKK/GGH

<u>O R D E R</u>

    The Thirteenth Report of the Special Master on the Status of Conditions of the Remedial Order, addressing activities between February and October 2012, was filed on December 19, 2012. ("Thirteenth Report," ECF No. 1783.) The Thirteenth Report recommends findings of substantial compliance in thirty-five of the forty-four requirements delineated in the court's previous orders, and findings of partial compliance in the remaining nine.

    Both plaintiffs and defendants have filed objections to the Thirteenth Report.

1

**A. Summary of plaintiffs' objections**

Plaintiffs object to the Special Master's findings of substantial compliance in the areas of (i) probable cause determination; (ii) notice of rights and charges; (iii) appointment of counsel; (iv) probable cause hearings; (v) revocation extensions; (vi) remedial sanctions; (vii) translated forms; and (viii) internal oversight.

Plaintiffs' objections are of three types: (i) that the Special Master failed to "articulate or apply the applicable legal standard for substantial compliance"; (ii) that in certain areas, "the Special Master's findings of fact do not support his conclusions of law, even under a lowered standard for substantial compliance"; and (iii) that "the Special Master changed the standard he applied, or even disregarded the specific terms of the [Valdivia] Injunction, in order to reach a finding of substantial compliance with some requirements of the Injunction." (Plaintiffs' Objs., ECF No. 1794, at 11-13.)

Plaintiffs' overarching policy argument is that it would be inadvisable to end court oversight prematurely, given the imminent transfer of authority over much of the parole revocation system from the state to the counties. Plaintiffs write:

> Any unwarranted compliance findings, and the accompanying withdrawal of supervision by the Special Master, would come at the worst possible time for the Valdivia class. Defendants are in the midst of implementing a transition to the projected July 2013 transfer of part of the parole revocation process to the Superior Courts under California's "Criminal Justice Realignment." It is incorrect, and hazardous to the rights of the class, to see this transition as

```
         a reason to rush to find Defendants in compliance and
         end the Special Master's scrutiny of revocation
         procedures. To the contrary, the impending transition
         to a new system under [Realignment] necessitates
         continued oversight of California's parole
         system . . . . Although Defendants remain under a
         continuing obligation to provide notice to Plaintiffs
         and the Special Master regarding policy and procedure
         changes for parole revocation, they have provided no
         policies or procedures for the July 2013 transition.
         Under [Realignment], Defendants will remove two major
         underpinnings of their previous compliance effort –
         the attorneys employed by the California Parole
         Advocacy Project (CalPAP) and the computerized
         Revocation Scheduling and Tracking System (RSTS) – and
         institute components, most notably flash
         incarceration, which pose new hazards for parolees'
         constitutional rights. (Plaintiffs' Objs., ECF No.
         1794, at 13-14) (internal citations omitted).
```

**B. Summary of defendants' objections**

Defendants object that the Special Master improperly relied on anecdotal evidence to reach conclusions about systemic non-compliance. Defendants further object to the Special Master's finding that they are only in partial compliance with the requirement that probable cause hearings be held in a timely fashion, contending that he has reached this conclusion based on a mischaracterization of the data. Finally, defendants object to the Thirteenth Report's recommendations that requirements found in substantial compliance be subject to any further monitoring. (Defendants' Objs., ECF No. 1790, at 2.)

**C. Analysis**

Looming over the Thirteenth Report's findings and recommendations, and the parties' objections, is the anticipated July 1, 2013 transfer of significant elements of the parole system from the state to the counties as part of the reorganization of

3

California's criminal justice system, known as "Realignment." It is the court's understanding that elements of the parole process currently addressed by the March 2004 Stipulated Order for Permanent Injunctive Relief and the court's further orders herein (collectively, the "<u>Valdivia</u> Remedy") will now be handled by county personnel. Among other changes, as of July 1, 2013, (i) petitions for parole revocation will be filed with county Superior Courts rather than with the state Board of Parole Hearings; (ii) parole violations may be handled without court involvement through "flash incarceration" of up to ten days in county jail; and (iii) indigent parolees facing revocation will be represented by public defenders (or court-appointed defense attorneys) rather than California Parole Advocacy Program attorneys.

In particular, the court is concerned that California's post-July 1, 2013 parole system may be sufficiently different from the existing system so that the conditions prompting the court's judgment are no longer relevant, thus requiring dismissal of this case. This lawsuit, and the <u>Valdivia</u> Remedy, address a parole system that functions largely as an administrative system under the auspices of the state's Executive Branch. It appears that after July 1, 2013, significant portions of the parole system will become the responsibility of county authorities, with parole revocation determined by the state's Judiciary. Realignment gives rise to mootness concerns, as, due to these changes, this matter may no longer present a live "case or controversy" under Article III, § 2 of the Constitution. If Realignment renders <u>Valdivia</u> moot, the

class herein will have to be decertified and this lawsuit dismissed, and any concerns about due process protections in California's post-July 1, 2013 parole system addressed in a subsequent lawsuit.

While mootness is not jurisdictional, the court has an obligation to determine whether it retains jurisdiction over the cases in its docket. Jacobus v. Alaska, 338 F.3d 1095, 1103 (9th Cir. 2003). While the court is mindful that a Justice of the Supreme Court opined that "the recent Article III jurisprudence of this Court in such areas as mootness and standing is creating an obstacle course of confusing standardless rules to be fathomed by courts and litigants . . . without functionally aiding in the clear, adverse presentation of the constitutional questions presented," Kremens v. Bartley, 431 U.S. 119, 140 (1977) (Brennan, J., dissenting), I "cannot [maintain] jurisdiction over a claim to which no effective relief can be granted." Headwaters, Inc. v. Bureau of Land Mgmt., 893 F.2d 1012, 1015 (9th Cir. 1990). To the extent that significant portions of the parole system will soon be the responsibility of the counties and the state Judiciary, I am unsure whether the Valdivia Remedy can even address due process considerations arising thereunder.

**D. Conclusion**

Accordingly, the court hereby orders as follows:

[1] Within twenty-one (21) days of entry of this order, the parties are DIRECTED to brief the court on the following:

////

5

  (a) As of July 1, 2013, which elements of the parole system that were formerly the exclusive responsibility of defendants will now be the exclusive responsibility of county authorities and/or the state judiciary?

  (b) As of July 1, 2013, which elements of the parole system that were formerly the exclusive responsibility of defendants will now be the shared responsibility of defendants, county authorities, and the state judiciary? What will defendants', county authorities', and the state judiciary's respective responsibilities be as to these shared elements?

  (c) Will defendants bear responsibility for elements of the parole system that are newly-created by Realignment, such as "flash incarceration"?

  (d) Is _Valdivia_ moot as a result of Realignment?

  (e) If _Valdivia_ is not moot, in what ways should the class definition and/or the _Valdivia_ Remedy be altered to reflect Realignment's changes to the parole system?

Reply briefs are due fourteen (14) days after opening briefs. Opening briefs may each be no longer than thirty (30) pages in length, exclusive of any accompanying documentary evidence. Reply briefs may each be no more than fifteen (15) pages in length. The court will at this time defer ruling on the findings and recommendations in the Thirteenth Report.

[2] The Special Master is DIRECTED to stay filing the Fourteenth Report on the Status of Conditions of the

1     Remedial Order, pending further order of the court.

2     IT IS SO ORDERED.

3     DATED: May 6, 2013.

        _____
        LAWRENCE K. KARLTON
        SENIOR JUDGE
        UNITED STATES DISTRICT COURT

7