UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY VALDIVIA, ALFRED YANCY,
and HOSSIE WELCH, on their own
behalf and on behalf of the class
of all persons similarly situated,

        NO. CIV. S-94-671 LKK/GGH

    Plaintiffs,

  v.                              O R D E R

EDMUND G. BROWN, JR., Governor of
the State of California, et al.,

    Defendants.
_____/

    Presently before the court are four requests to seal documents under Local Rule 141, two filed by plaintiffs (ECF Nos. 1793, 1837) and two by defendants (ECF Nos. 1813, 1832). All of the sealing requests are unopposed.

    Two protective orders are operative in this action. The September 14, 1999 Order (ECF No. 437) addresses "all Central Files, medical files (including psychiatric files), and Forms 1103[.]" (ECF No. 437.) The July 11, 2000 Order (ECF No. 519) addresses "[a]ll inmate/parolee personal information (i.e.,

1

residential addresses, residential phone numbers, or other such personal information)."

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 & n.7 (1978) (denying release of "Nixon tapes" that were played in open court and entered into evidence). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. See id. at 1178-79.

Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause" to justify sealing. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted).

The court, having reviewed the parties' requests to seal, finds that the documents sought to be sealed contain information covered by the terms of the protective orders entered in this case,

and that the filing of these documents under seal is proper.[1] Nevertheless, the court reserves the right to revisit this determination if subsequent developments in this case demonstrate that the public interest in reviewing sealed documents outweighs those interests which presently support sealing.

IT IS SO ORDERED.

DATED: July 3, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] The court initially considered requiring redaction, rather than sealing, of Exhibits 11.1, 11.2, and 13.3 to the Declaration of Rhonda Skipper-Dotta. These exhibits consist of visual demonstrations of the functioning of defendants' parole management software. But, as these exhibits contain a significant amount of what appears to be real parolee data, on further review, the court concluded that the exhibits, as redacted, would convey very little useful information to readers. Accordingly, sealing of these exhibits appears appropriate.